STATE, Plaintiff-Appellee, v VIRGI et, Defendants-Appellants.
STATE, Plaintiff-Appellee, v DOTTORE, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 21032, 21033. Decided May 3, 1948.

**432**

Frank T. Cullitan, Victor DeMarco, Cleveland, for plaintiff-appellee.

F. C. Barragate, A. H. Martin Jr., Cleveland, for defendants-appellants.

## OPINION

By HURD, PJ.

The sole question now before this court for consideration is whether the court of common pleas erred prejudicially in denying the defendants appellants permission on motion to withdraw pleas of 'guilty' previously entered and to proceed to trial on pleas of 'not guilty' as prayed for.

The record shows that both defendants were indicted jointly on several counts in one indictment, and that the defendant, Dottore, was also indicted separately,—both indictments charging the crime of larceny by trick. On arraignment the defendants pleaded 'not guilty' but on December 19, 1947, counsel for defendants requested that the cases be called out of order in advance of regular time for trial. After conferences with the court, counsel and the Prosecutor in chambers, the defendants entered pleas of 'guilty' in open court. The court thereupon passed the cases for sentence to January 14, 1948. On January 13, 1948 motions on behalf of both defendants, with supporting affidavits, were filed, praying leave to withdraw the pleas of 'guilty' to enter pleas of 'not guilty' and to proceed to trial on the merits.

The affidavit of defendant, Dottore, reads as follows:

"Anthony Dottore, being first duly sworn, deposes and says that on the * * * day of December, 1947, he entered a plea of

'guilty' to both counts in the indictment set forth in case No. 56727 and that he now wishes to withdraw said plea before sentence. Affiant says that the said plea was entered by him under a misconception of the nature of the charge and through a misunderstanding as to its effect. Affiant says that he was under the mistaken impression that a plea of 'guilty' to both counts would subject him to a maximum sentence of one to seven years in the within case, together with the sentence that might be imposed upon him in Case No. 57425 in this court, where he was indicted for the same type of offense as the one in the present case. Affiant further says that since entering the plea he has been able to obtain new evidence which, in his belief, would create a valid defense to the charge in the indictment, and sincerely requests this court to allow him to have his day in court and submit his matter to a jury.

Affiant further says that his rights have been prejudiced by his entering of the plea under mistake and misapprehension and in justice to himself and the State of Ohio he should be given the opportunity of a fair trial under our constitution and laws. (signed and sworn to before a Notary Public.)"

The affidavit of defendant Virgi reads as follows:

"Angelo Virgi being first duly sworn deposes and says that on the * * * day of December, 1947, he entered a plea of 'guilty' to all counts in the indictment set forth in case No. 57425 and that he now wishes to withdraw said plea before sentence. Affiant says that the said plea was entered by him under a misconception of the nature of the charge and through a misunderstanding as to its effect. Affiant says that he was under the mistaken impression that a plea of 'guilty' to all the counts would subject him to a maximum sentence of one to seven years in the within case.

Affiant further says that since entering the plea he has been able to obtain new evidence which, in his belief, would create a valid defense to the charge in the indictment and sincerely requests this court to allow him to have his day in court and submit his matter to a jury.

Affiant further says that his rights have been prejudiced by his entering of the plea under mistake and misapprehension and in justice to himself and the State of Ohio he should be given the opportunity of a fair trial under our constitution and laws. (signed and sworn to before notary public)"

The State did not file any pleadings or affidavits traversing the allegations of defendants' affidavits, and did not offer

any evidence to contradict the allegations contained in defendants' affidavits.

On Jan. 14, 1948, the court without receiving any evidence on the matter at issue overruled the motions and sentenced defendants to the Ohio State Reformatory at Mansfield, Ohio. Exceptions were duly noted and the causes are now here on appeal. A stay of execution was granted in both cases and the defendant, Dottore, has been at liberty on bond while the defendant, Virgi has been confined in the county jail since the time sentence was imposed.

The bill of exceptions is very brief, containing only arguments of counsel and the remarks of the court. Prior to the hearing on the motion the trial court had tentatively arranged to permit defendants to withdraw their pleas of 'guilty' and to enter their pleas of 'not guilty' but as appears from the record upon the arguments of the prosecutor made to the court in a private telephone conversation, the court upon charges made by the prosecutor in said private telephone conversation determined not to permit the defendants to withdraw their pleas. This clearly appears from the remarks of the court set forth in the bill of exceptions wherein the court stated in part:

"At the time Mr. Firestone (then counsel for defendants) was in my office, **I discussed the matter with Mr. DeMarco over the telephone.** Mr. DeMarco held the same view then that he has expressed here today. I was concerned for fear that I might be unjustly depriving these men of some rights. I was concerned about that and I expressed concern in the presence of Mr. Firestone and over the phone to you. **Tentative arrangements were made to accept the withdrawals but within five minutes after that was done you were again, Mr. DeMarco** (assistant county prosecutor) **in conference with me on the telephone and again urging the propositions which were earlier urged, and further urging that what was being done was an effort to jockey the court around, jockeying for position,**—an effort to realize in the first instance up to this time, a hope that the court would permit these sentences to be served concurrently; and when it appears that was improbable, a subterfuge was used, a device was brought into play in order to take the cases away from this court and before some other court at some later time." (emphasis ours)

Counsel for defendants, who has since withdrawn from the case, in oral statement to the court said, in part:

"Now the State of Ohio in no manner has been jeopardized. Its rights have in no way been jeopardized. They have never had any witnesses in court * * *. No one in any way, shape or form is inconvenienced.

I say to the court this has not been done for the purpose of delay. If the case had been carried over without entering a plea, the last day the court was on the bench, or second last day, the case still would not have been reached in its normal list on this docket. As a matter of fact I don't even see any witnesses here today, if your honor please. These men, I feel, and I will frankly say to your honor, these defendants not following my advice in this matter, I wish to withdraw as their counsel and I am asking leave of court to withdraw."

The principal assignment of error is that the court abused its discretion in denying the motions to withdraw the pleas of guilty and accord the defendants a trial on the merits.

It is well settled in Ohio that the granting of a motion to allow a defendant to change his plea from guilty to not guilty rests within the sound discretion of the trial court.

In **12 O. Jur. 262, parag. 249** it is stated:

"The withdrawal of pleas is a well-recognized practice in Ohio. As a general rule the matter of permitting the withdrawal of a plea rests in the discretion of the court and no general rule can be laid down as to when a defendant will be permitted this privilege. While it is conceded that a change of plea rests in the discretion of the court, **such discretion should not be exercised arbitrarily, but should rest upon settled and irreversible principles of justice with a due regard to existing conditions** (emphasis ours)."

In 22 C. J. S. 639, it is stated:

"Where accused pleads guilty he may be allowed to withdraw the plea and substitute another, or a demurrer or motion to quash. Generally speaking however, accused who has entered a plea of guilty does not have an absolute legal right to withdraw it; he can only do so with permission of the court, and the granting or refusing of permission rests in the sound legal or judicial discretion of the court before which the plea was entered."

In the case of **State of Ohio, appellee, v Schaefer, appellant, 71 Oh Ap 1,** it was held: (syllabus 1)

■ "1. Abuse of discretion on the part of a trial court does not necessarily mean ulterior motive arbitrary conduct or a wilful disregard of the rights of a litigant. **It may mean the failure to apply the principle of law applicable to a situation if thereby prejudice results to a litigant.** (emphasis ours.)"

In the instant case it appears that the motions to withdraw the pleas were timely made in that they were filed before the day set for sentence and before the time when the cases would have been normally reached on the regular trial docket of the court. This being the case, the ends of justice could not be defeated by a trial by jury.

It appears further that the statements contained in the affidavits supporting the motions filed by defendants were unchallenged by any counter-affidavits or by any evidence. We have particular reference to the claim that since the plea of guilty, the defendants had discovered new evidence which in their belief would constitute a valid defense to the charges in the indictments. The record indicates that only argument was heard by the court in the course of which counsel for defendants stated in substance that the defendants were dissatisfied with his representation of them and desired to employ other counsel and proceed to trial. The record here shows that new counsel appeared for the defendants who now urge that defendants are entitled to be tried upon the merits.

In view of these facts the statement contained in the case. of **Brooks v State, 17 Oh Ap 510 at pages 519-20,** would seem to have particular application:

"If the accused was guilty as charged, how could the ends of public justice be defeated by his trial by a jury? And if not guilty as charged why should he suffer a penalty for a crime of which he was not guilty under the law? Neither the interests of the community nor of the state could have suffered by permitting him to change his plea, for, if guilty, the state would have had the right to establish the fact and if innocent, or guilty of a lesser crime than that charged, opportunity should have been granted to him to test the issue raised by the indictment. Although stern and unrelenting are the demands of the law against those who disregard and violate it, the security of society lies in the orderly administration of the law in the interest of public justice. If the statements contained in the motion are to be taken as true, and they are unchallenged by any counter-affidavit or other proof on the grounds specifically referred to, why should he be denied the right of trial by jury to have his guilt or innocence determined by a jury as in other cases?"

Again quoting from the case of **Brooks v State,** supra, page 522, the court quotes with approval from 2 Bishop's Criminal Procedure (2d) Sec. 798 wherein it is laid down:

"The practice of withdrawing one plea to make way for another, heretofore explained, is especially common where the defendant has improvidently pleaded guilty. In most of our courts, where leave to substitute not guilty is asked in a reasonable time it is granted pretty nearly as of course. Yet it is sometimes refused; and being a matter of judicial discretion, relief will not ordinarily be granted in the upper court but it will be in a case of abuse of the discretion even where after a defendant has pleaded guilty, has moved in arrest of judgment and his motion has been overruled, the court, if justice requires, will allow a substitution of not guilty for guilty.

The same doctrine is to be found in 8 R. C. L. 111, Sec. 77 and Underhill, Criminal Evidence, Sec. 237."

In the instant case we are impressed by the obvious fact that no evidence was taken on the issues presented by the affidavits of the defendants; that the court's judgment undoubtedly was influenced by telephone conversations with the assistant county prosecutor. Such a procedure in our opinion is not conducive to the orderly administration of justice. All arguments and discussions with opposing counsel should, we believe, be had in open court in the presence of the defendants upon the hearing of their motion.

This clearly is not a matter of accepting the words or claims of the defendants against the words of the trial court. The members of this court have the highest respect for the learned trial judge and the prosecutor and we feel that there is no issue of veracity here involved. Our view simply is that whatever may have transpired when the pleas of 'guilty' were entered, the defendants, on the basis of their affidavits supporting their motions were entitled to have a hearing in open court on the issues of fact raised by their motions. This right or privilege was not accorded to them. Instead, the court, without evidence, decided that defendants were, as appears from the record, guilty of a subterfuge and that 'a device was brought into play in order to take the cases away from this court and before some other court at some later time,'—the court stating: 'I came to that conclusion myself.'

It is one thing to come to such a conclusion upon evidence offered but an entirely different proposition to reach such a conclusion through urgings and argument by the prosecutor

**438**

made ex parte by telephone. The first method contemplates a judicial decision based upon evidence—the latter merely a process of reasoning without evidentiary support.

An examination of the authorities generally indicates that the discretion of the court in a matter such as this should be moved by an orderly and proper presentation of the issues of fact upon which the decision must rest. Therefore, we conclude in the instant case that the court in determining the motion, failed to apply the principles of law applicable to this situation and therefore the defendants were deprived of their day in court on the motion to change their pleas. This constituted an abuse of judicial discretion.

For the reasons stated, the judgment is reversed for error of law in refusing to grant the motions timely made to withdraw the pleas of guilty and to enter pleas of not guilty and the cause is remanded with instructions to grant such motions. Exceptions. Order See Journal.

MORGAN, J, SKEEL, J, concur.