Appellant Anthony Ellison appeals from his conviction and sentence in the Montgomery County Common Pleas Court for robbery with a deadly weapon in violation of R.C. 2911.02(A)(1). In his sole assignment of error, Ellison contends the trial court erred by denying his pre-sentence motion to withdraw his guilty plea.
Ellison entered his guilty plea on February 12, 1997, and the trial court ordered a pre-sentence investigation. Just before sentencing, defense counsel discovered that the pre-sentence report recommended incarceration rather than probation and that the trial court would follow the recommendation. When defense counsel informed Ellison about the recommendation, Ellison directed his attorney to "suit up twelve" and to file a motion to withdraw the guilty plea. Defense counsel filed the motion to withdraw the guilty plea on February 24, 1997, and the court held a March 21, 1997, hearing on Ellison's motion. The trial court subsequently denied Ellison's motion and imposed a four-year sentence for the robbery conviction. The court also revoked Ellison's probation for previous breaking-and-entering and theft offenses. Ellison then filed a timely appeal advancing the following assignment of error:
 I. "The trial court erred to the prejudice of appellant in denying appellant's motion to withdraw his guilty plea."
In his sole assignment of error, Ellison challenges the trial court's rejection of his motion to withdraw his guilty plea. In support, Ellison claims he entered the plea believing he would receive probation for the robbery conviction and that his existing probation would not be revoked. He admits seeking to withdraw the plea only after discovering, prior to sentencing, that probation would not be granted. Ellison reasons that his "belief that he would receive probation was a legitimate inducement for him to enter the guilty plea." Consequently, upon his discovery that probation would not be granted, Ellison contends the trial court should have allowed withdrawal of the plea.
We find this argument unpersuasive. As the trial court properly acknowledged, pre-sentence motions to withdraw a plea should be allowed liberally. State v. Kordelewski (March 8, 1996), Montgomery App. No. 15425, unreported. "However, this does not mean that the defendant has an absolute right to withdraw his plea before sentencing; the decision is still within the discretion of the court." Id., citing State v. Virgi (1948), 84 Ohio App. 15. "To withdraw the plea before sentencing, the defendant must still have a legitimate basis for withdrawal." Id.; see also State v.Xie (1992), 62 Ohio St.3d 521.
This court will not reverse a trial court's judgment denying a motion to withdraw a plea absent an abuse of discretion. Id. We previously have determined that a trial court does not abuse its discretion in overruling a motion to withdraw a plea "(1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." Statev. Wells (Dec. 31, 1997), Clark App. No. 95 CA 21, unreported;State v. Riley (Sept. 7, 1994), Greene App. No. 94 CA 02, unreported.
In the present case, (1) nothing in the record suggests defense counsel's incompetence, (2) Ellison received a proper Crim.R. 11 hearing prior to entering his plea, (3) the trial court conducted a full and impartial hearing on Ellison's motion to withdraw his guilty plea, and (4) the record reveals the trial court's full and fair consideration of the motion. Based upon the testimony presented at the hearing, the trial court determined that "the sole reason for the filing of this motion is the Defendant's correct perception that the Pre-Sentence Report compiled by the Adult Probation Department recommended that the Defendant be sentenced to a term of imprisonment and probation be denied." The court then noted its inability to find any "reasonable or legitimate reason which would allow the Defendant to withdraw his plea."
We find no abuse of discretion in the trial court's ruling. The record supports the trial court's conclusion that Ellison filed his motion only because the probation department recommended incarceration rather than probation. Furthermore, the record does not suggest Ellison was misled into believing he would receive probation. To the contrary, the record suggests that Ellison hoped
for probation but was well aware he might not receive it.
Defense counsel testified he told Ellison "that with having failed to complete a drug abuse program while on probation, it would take one extraordinary probation officer to have the patience and compassion to want to do it again * * *." Defense counsel also testified that he told Ellison "you've got at least a fifty-fifty chance of going to the penitentiary for some amount of time" and that "there was no guarantee of probation." Furthermore, both defense counsel and Ellison's supervising officer testified that they told him his existing probation could be revoked. Perhaps most importantly, Ellison testified and admitted being told a good chance for probation existed if the probationdepartment recommended it. Ellison also stated that "[t]he way [defense counsel] presented it to me was that I had a little more than a 50 percent chance to get probation due to the fact that it was all drug-related."
After reviewing the record, we agree with the trial court's determination that no legitimate basis existed for Ellison to withdraw his plea. Ellison entered the plea hoping for probation but knowing that it depended in part upon the results of his pre-sentence investigation. Only upon his discovery immediately before sentencing that probation would not be granted did Ellison seek to withdraw the plea. Ellison was aware of the risk that probation would not be granted, however, when he entered his plea. Thus, the trial court did not abuse its discretion by finding no valid basis for the plea's withdrawal. Accordingly, we overrule Ellison's assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Karen L. Sollars
David E. Ernst
Hon. James J. Gilvary