The STATE of Ohio, Appellant,

v.

COBURN, Appellee.

[Cite as *State v. Coburn* (1992), 84 Ohio App.3d 170.]

Court of Appeals of Ohio,
Lawrence County.

No. 92 CA 9.

Decided Dec. 4, 1992.

*J. Stewart Kaiser*, Lawrence County Prosecuting Attorney, for appellant.

*Richard D. Kennedy*, for appellee.

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Lawrence County Common Pleas Court dismissing the indictment of Leroy Coburn, defendant below and appellee herein. Appellant assigns the following error:

"The judgment of the lower court dismissing the indictment against defendant-appellee should be reversed as a matter of law because the indictment properly charged defendant-appellee with receiving stolen property, a felony of the third degree, pursuant to Ohio Revised Code Section 2913.51(B), and the indictment specifically makes reference to the stolen property as being a motor vehicle, thereby negating any requirement on the part of the state to allege the monetary value of the property in the indictment in order to properly charge defendant-appellee with the crime of receiving stolen property, a felony of the third degree, pursuant to Ohio Revised Code Section 2913.51(B)."

On April 15, 1992, the prosecuting attorney filed an indictment charging appellee with receiving stolen property in violation of R.C. 2913.51. The indictment reads as follows:

"Leroy Coburn, Jr., on or about April 5, 1992, did receive, retain or dispose of certain property, being one 1979 Pontiac Firebird, Ohio license JHC–035, the property of another, one Milford Lambert, the said Leroy Coburn, Jr., knowing or having reasonable cause to believe it had been obtained through commission of a theft offense, in violation of Section 2913.51 of the Ohio Revised Code.

"Said act did occur in Lawrence County, Ohio and is contrary to Ohio Revised Code Section 2913.51.  RECEIVING STOLEN PROPERTY, F–3."

During appellee's April 16, 1992 arraignment, the trial court granted appellee's motion to dismiss the indictment.  The court found the indictment to be insufficient because it failed to allege the monetary value of the property received.

Appellant filed a timely notice of appeal.

In its sole assignment of error, appellant asserts the trial court erred by dismissing the indictment.  Appellant argues the indictment contained all information necessary to charge appellee with the receipt of stolen property and to put appellee on notice of the charge filed against him.  Conversely, appellee contends the indictment was insufficient because it did not contain a statement as to the monetary value of the motor vehicle.

By guaranteeing the accused the right to "demand the nature and cause of the accusation against him," Section 10, Article I of the Ohio Constitution requires that indictments contain the essential facts constituting the offense for which an accused will be tried.  See *State v. Headley* (1983), 6 Ohio St.3d 475, 478, 6 OBR 526, 529, 453 N.E.2d 716, 720; *Harris v. State* (1932), 125 Ohio St. 257, 181 N.E. 104, paragraph four of the syllabus.  Crim.R. 7(B) discusses the nature and the contents of an indictment and provides as follows:

"The indictment or the information * * * shall contain a statement that the accused has committed some public offense therein specified.  Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved.  It may be in the words of the applicable section of the statute as long as the words of that statute charge an offense, or in any words sufficient to give the accused notice of all the elements of the offense with which he is charged.  * * * Each count of the indictment or information shall state the numerical designation of the statute which the defendant is alleged therein to have violated."  See, also, R.C. 2941.05.

In the case *sub judice,* appellee was charged with receiving stolen property in violation of R.C. 2913.51.  The indictment describes the motor vehicle allegedly involved and states that the offense is a third degree felony.  The indictment does not, however, state the monetary value of the vehicle.

R.C. 2913.51(B) provides in pertinent part:

" * * * *If the property involved is a motor vehicle,* as defined in section 4501.01 of the Revised Code, if the value of the property involved is five thousand dollars or more and is less than one hundred thousand dollars, *or* if the offender

previously has been convicted of two or more theft offenses, *receiving stolen property is a felony of the third degree.* * * * "* (Emphasis added.)

■ The receiving stolen property statute lists three alternative courses of conduct which could result in a third degree felony conviction: (1) the property is a motor vehicle; (2) the property has a value greater than five thousand dollars and less than one hundred thousand dollars; or (3) the offender has been previously convicted of two or more theft offenses. The three courses of conduct listed in R.C. 2913.51(B) are joined by the disjunctive conjunction "or," which is "[u]sed to indicate * * * [a]n alternative, usually only before the last term of a series * * *." See American Heritage Dictionary (2 College Ed.1982) 873. We note that undefined words and phrases in Ohio statutes are to be construed according to the rules of grammar and common usage. R.C. 1.42; *State v. Gray* (1992), 62 Ohio St.3d 514, 584 N.E.2d 710.

■ An indictment charging a felony of the third degree under R.C. 2913.51(B) must contain an allegation that *one* of the courses of conduct set forth in that provision is applicable to the accused. Thus, an allegation involving a motor vehicle is automatically subject to this provision, regardless of the monetary value of the vehicle. The monetary value of a vehicle is not an element of the offense and no value need be stated in the indictment.

Accordingly, based upon the foregoing reasons, we sustain appellant's assignment of error.

*Judgment reversed*
*and cause remanded*
*for further proceedings consistent*
*with this opinion.*

STEPHENSON, P.J., and HARSHA, J., concur.