**The STATE of Ohio, Appellee,**

**v.**

**LUNA, Appellant.**

[Cite as *State v. Luna* (1994), 96 Ohio App.3d 207.]

Court of Appeals of Ohio,
Huron County.

No. H–93–039.

Decided July 22, 1994.

*Richard R. Woodruff,* Huron County Assistant Prosecuting Attorney, for appellee.

*Vincent F. Gonzalez,* for appellant.

---

*Per Curiam.*

On May 21, 1994, the grand jury in Huron County filed an indictment charging appellant, Estella Luna, with three counts of grand theft, in violation of R.C. 2913.02(A)(3), and with three counts of theft, in violation of R.C. 2913.02(A)(3). Appellant alleged at her arraignment that the indictment was defective, and the court entered a plea of not guilty on her behalf. Appellant thereafter filed several motions, including a motion to dismiss the indictment and a motion to quash the indictment. The motion to dismiss the indictment was denied, as was the motion to quash the indictment.

Appellant and appellee then informed the court that a plea agreement had been reached. Appellant agreed to change her plea to no contest as to one count of theft.[1] In exchange, appellee agreed to nolle the remaining five counts in the indictment. The no contest plea was accepted by the trial judge after he questioned appellant, pursuant to Crim.R. 11. A judgment entry was journalized on August 5, 1993 in which the court accepted the no contest plea and found appellant guilty of one count of theft by deception.

On August 23, 1993, the Huron County Court of Common Pleas sentenced appellant to one year of imprisonment. The court suspended the sentence, and placed appellant on probation for three years. Conditions of probation included payment of $23,574.61 in restitution to the Huron County Human Services (payable at $100 per month), and service of a thirty-day sentence in the county

---

1. The record shows some confusion as to the actual plea to be entered. Statements were made to the trial court by appellant's counsel that appellant's plea was no contest pursuant to "Alfred versus North Carolina." The reference to *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, is misleading, because a plea entered pursuant to that case is a guilty plea, entered by a defendant who still maintains his or her innocence, rather than a no contest plea. If the plea is a *North Carolina v. Alford* guilty plea, the issues preserved for appeal are very limited. *State v. Witcher* (Dec. 30, 1993), Lucas App. No. L–92–354, unreported, 1993 WL 558859. However, pursuant to Crim.R. 12(H), a no contest plea preserves errors relating to rulings on pretrial motions for appeal. When viewed in its totality, the record clearly shows that the plea entered was no contest. Counsel for appellant indicated that his client was not giving up her rights to appeal on this case, but that she would enter a plea of no contest to count four. The trial judge questioned appellant's understanding as to the effect of the entry of her no contest plea, and the judgment entry in which the trial court accepted the plea refers to the plea exclusively as a no contest plea. Accordingly, we will treat the plea as one of no contest.

jail. Appellant filed a notice of appeal, and the trial court stayed the sentence pending appeal.

Appellant has presented four assignments of error, which are:

"I. The court erred in denying defendant's motion to dismiss the indictment.

"A. Indictment.

"B. Indictment does not allege sufficient fact to constitute an offense.

"C. The indictment fails to allege a crime by defendant.

"II. The court erred in denying defendant's motion to quash the indictment when the indictment was secured by a prosecutor operating in the grand jury under a statutory disability.

"III. The court erred in convicting appellant of theft based on her nolo contendere plea to the indictment and the prosecutor's statement of facts when both failed to allege all the elements of theft.

"A. The state's statement of facts or circumstances do not set out the element's [*sic* ] of theft.

"B. The state failed to set forth facts which would allow the court to find appellant's purpose or knowledge to justify conviction for theft.

"C. The state did not provide the court with evidence of a crime.

"IV. The court abused its discretion when it ordered appellant to pay restitution in the sum of $23,574.61."

■ We begin by noting that a plea of no contest preserves the issue of the sufficiency of an indictment for appeal. See *State v. Hayes* (Jan. 14, 1983), Hancock App. No. 5-82-11, unreported, 1983 WL 7178. As the Third District Court of Appeals of Ohio has noted:

"Criminal Rule 11(B)(2) prescribes that 'with reference to the offense or offenses to which the plea is entered' the 'plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment,' etc. Thus, there being no admission of guilt by a no contest plea and such plea only admitting the truth of the facts alleged in the indictment, if those facts do not, in and of themselves, constitute the allegation of an offense under the statute, or statutes, involved, the defendant has admitted to nothing upon which the court can base a conviction. A conviction without trial, based merely on a no contest plea to an indictment which does not allege facts sufficient to constitute an offense is not only a nullity but completely void." *Id.*

Appellant presents several arguments in support of her first assignment of error. Central to her arguments is the assertion that the indictment is defective because it does not contain allegations showing the elements of the crime

charged, theft by deception. Appellant asserts that the identity of the victim is not revealed in the indictment, and she is unable to tell from a fair reading of the indictment the nature of the crime with which she is charged.

An indictment must contain words which are "sufficient to give the accused notice of all the elements of the offense with which he is charged." Crim.R. 7(B). Furthermore, the indictment must contain "the essential facts constituting the offense for which an accused will be tried." *State v. Coburn* (1992), 84 Ohio App.3d 170, 172, 616 N.E.2d 567, 568 (citing Section 10, Article I of the Ohio Constitution). Appellant entered her plea of no contest as to count four of the indictment. Count four reads:

"The Grand Jurors, upon their oath, further find that on or about the 1st day of September, 1991, ESTELA [*sic*] LUNA, did unlawfully, with purpose to deprive the owner of property or services, knowingly obtain or exert control over either property or services is [*sic*] three-hundred dollars or more and is less than five-thousand dollars, in violation of Section 2913.02(A)(3) of the Revised Code, 'Theft', (a felony of the fourth degree), contrary to the statute in such cases made and provided and against the peace and dignity of the State of Ohio."

As previously noted, appellant was convicted, on the basis of her no contest plea to count four, of theft by deception pursuant to R.C. 2913.02(A)(3). The required elements for a conviction for theft by deception are found in R.C. 2913.02(A)(3), which provides:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

" * * *

"(3) By deception * * *."

A careful reading of count four in the indictment shows that there is no allegation of essential facts showing the element of deception, nor is there any allegation that deception occurred. In addition, there is no allegation that the charged offense "was committed at some place within the jurisdiction of the court," a requirement for a valid indictment in Ohio. R.C. 2941.03(D). Accordingly, appellant is correct in her assertion that the indictment was faulty and that the trial court erred when it denied her motion to dismiss the indictment. The conviction of appellant for theft by deception is void. Appellant's first assignment of error is well taken.

On the basis of our disposition of the first assignment of error, we need not reach the merits of the remaining assignments of error. The judgment of the

Huron County Court of Common Pleas is reversed. Appellee is ordered to pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.