[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment of the Ottawa County Court of Common Pleas which denied a motion for relief from judgment filed by appellant, Jason R. Caskey. Appellant entered a plea of guilty to an indictment and was sentenced on March 10, 1994. In his sole assignment of error, appellant argues that the trial court erred in denying his motion for relief from judgment. The basis for his motion was that the indictment was defective because the victim was not identified. This court finds no merit in this argument.
As early as 1876, the Supreme Court of Ohio stated that in determining the sufficiency of an indictment, all of the statutory elements necessary to constitute a crime must be averred in the criminal charge. Davis v. State (1876), 32 Ohio St. 24. Appellant was charged with a violation of R.C. 2911.01(A)(1).[1]
That section does not require that the victim be set forth in the indictment since the victim is not contained in the statute as an element of the offense of aggravated robbery.
Although appellant cites State v. Luna (1994), 96 Ohio App.3d 207, in support of his assignment of error, that case is inapposite. In that case, this court found the indictment to be defective because there was no allegation that deception occurred, an essential element for theft by deception. Furthermore, there was no allegation that the charged offense occurred within the jurisdiction of the court.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
CONCUR.
[1] R.C. 2911.01 provides:
 "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control * * *.
"* * *
 "(C) As used in this section, `deadly weapon' and `deadly ordnance' have the same meanings as in section 2923.11 of the Revised Code."