OPINION
This timely appeal arises from the decision of the Mahoning County Court of Common Pleas wherein Michael H. Lewis, appellant, pled guilty to sexual battery after the trial court overruled his motion to dismiss on speedy trial grounds. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
On November 4, 1996, appellant was arrested and charged with one count of rape. According to the complaint before the Youngstown Municipal Court, allegations had been made' that appellant raped his nine year old daughter on or about October 29, 1996. At his preliminary hearing on November 18, 1996, appellant waived his right to said hearing and requested that the matter be bound over to the Mahoning County Grand Jury. This request was granted and appellant was eventually indicted on December 13, 1996 on one count of rape in violation of R.C.2907.02(A) (1) (b). At his arraignment on December 23, 1996, appellant entered a plea of not guilty.
In light of appellant's not guilty plea, the case was scheduled for a pre-trial conference on December 30, 1996. Subsequent to this conference, the trial court issued a judgment entry on January 2, 1997 setting the case for trial on February 26, 1997. The court's entry stated in its entirety:
 "Defendant [appellant] having been arraigned and a pre-trial conference had, the Court sets this case for trial on 2/26/97 at 1:30 P.M. in Courtroom 1, Mahoning County Courthouse, Youngstown, Ohio."
The date established by the court in its entry scheduled the trial to commence 114 days after appellant's arrest. In that appellant had been incarcerated since the date of arrest, the trial date was scheduled some 24 days beyond that required by R.C. 2945.71(C) (2) and (E).
On February 26, 1997, appellant filed a motion to dismiss and request for oral hearing on the basis that his right to a speedy trial had been violated. The trial court promptly overruled appellant's motion on February 27, 1997, stating that the February 26 date was chosen as computer records indicated this was the first date which counsel for appellant would be available. In that counsel for appellant was one of the leading criminal attorneys in the county, the court took it upon itself to set a trial date on which defense counsel had nothing else scheduled in the Mahoning County Common Pleas Court. Nonetheless, the trial court continued the trial from the original February 26, 1997 date as counsel for appellant was involved in another trial in a different courtroom. Although appellant filed a notice of appeal on March 19, 1997 from the trial court's decision, this court dismissed the appeal as the denial of a motion to dismiss criminal charges is not a final appealable order. Appellant also filed a motion for reconsideration with the trial court as related to his motion to dismiss. However, the trial court denied this request on March 28, 1997.
Following numerous continuances as requested by counsel for appellant, this matter proceeded to trial on May 15, 1997. However prior to the conclusion of the trial, appellant and the state worked out a plea arrangement whereas appellant would enter a plea of guilty to one count of sexual battery, a violation of R.C. 2907.03(A) (5). During the course of the plea hearing on May 16, 1997, appellant indicated that while he was entering a plea of guilty he was doing so pursuant to North Carolina v. Alford
(1970), 400 U.S. 25. The court concluded the plea hearing, requested that a pre-sentence investigation be conducted, and scheduled the matter for a sentencing hearing on July 21, 1997.
At the sentencing hearing, the trial court heard testimony from various witnesses on behalf of both appellant and the state. Additionally, appellant's counsel and the prosecutor offered their respective suggestions to the trial court as to the proper sentence to be entered under the circumstances. It was the court's ultimate decision to order appellant to successfully complete the program of the Community Corrections Association. Appellant was also sentenced to two years of community control. A timely notice of appeal was filed on August 15, 1997.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal reads:
 "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS IN VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL, AS GUARANTEED BY SECTION 10 ARTICLE ONE OF THE OHIO CONSTITUTION AND OHIO REVISED CODE SECTION 2945.71."
Appellant argues in his initial brief that the trial court should have sustained his motion to dismiss as the state failed to conduct a trial within the requisite time period. Since appellant was incarcerated from the date of arrest, it is argued that he was entitled to triple-count credit pursuant to R.C.2945.71 (E). As such he should have been brought to trial on or before February 2, 1997. Having failed to do so, appellant contends he should be released and the charges should be dismissed.
The state responds to appellant's argument by indicating that appellant chose to enter a guilty plea to the amended sexual battery charge. In doing so, the state asserts that appellant waived his right to assert on appeal that his speedy trial rights were violated. Appellant attempts to counter this position in his reply brief. In that his guilty plea was made under the reservation of his proclaimed innocence pursuant to Alford,
supra, appellant is of the belief that the plea should operate as a no contest plea thereby permitting an appeal on the speedy trial issue. In the alternative, if this court holds that the plea acted as a waiver, appellant proposes that this court should find that his plea was not knowingly, voluntarily and intelligently made.
Based upon the state's contention, we must first determine whether a waiver occurred when appellant entered a guilty plea pursuant to Alford, supra or whether said plea acts as a no contest plea and preserves appellant's speedy trial rights. As a preface to this analysis, this court will provide a brief discussion as to the substance of an Alford plea. In Alford, the United States Supreme Court held that a trial judge could accept a guilty plea from a defendant despite the fact that the plea was accompanied by "protestations of innocence." Id. at 38. The basis for this conclusion was that a defendant could rationally conclude that the evidence against him was so incriminating that a jury would likely find him guilty. Id. at 32. As such, the defendant may reasonably believe that it is more advantageous to accept a plea thereby avoiding the risk of a greater punishment should the jury return a verdict of guilt on the original charge. Id. In addition to a showing that the plea was knowingly, voluntarily and intelligently entered, the record must reflect a factual basis for the plea so as to resolve the conflict between the plea of guilty and the claim of innocence. Id. at 38, fn. 10.
It has previously been determined by the Second and Sixth District Courts of Appeals that the very essence of an Alford
plea is more in line with a guilty plea rather than a plea of no contest. In State v. Carter (1997), 124 Ohio App.3d 423, it was held that an Alford plea is "merely a species of guilty plea, having the effect of waiving Carter's right to appeal from the denial of his speedy trial motion." Id. at 428. Similarly, the Sixth District has repeatedly stated that an Alford plea is "procedurally indistinguishable" from a guilty plea in that it waives all but a very limited number of grounds for appeal. Statev. Luna (1994), 96 Ohio App.3d 207, 211; State v. McDay (May 9, 1997), Lucas App. No. L-96-027, unreported; State v. Faust (Mar. 31, 1998), Lucas App. No. L-97-1343, unreported; and State v.Thomas (Nov. 6, 1998), Lucas App. No. L-98-1192, unreported.
This court finds that it is prudent to adopt the position that an Alford plea acts as a guilty plea as related to the waiver of issues on appeal. After all, as the United States Supreme Court described in Alford, supra, the plea is nothing more than a guilty plea accompanied by protestations of innocence. An essential part of the process is an actual plea of guilty by the defendant rather than a plea of no contest. A review of the record reveals no evidence that appellant was impeded from entering a plea of no contest had he desired to preserve the speedy trial issue for appeal. Had appellant wanted this court to address the speedy trial issue, a plea of no contest would have been the proper avenue.
This position is further supported by the Tenth District Court of Appeals' decision in State v. Dumas (1990), 68 Ohio App.3d 174. In that decision, the defendant moved the trial court to dismiss the charges against him on the grounds of denial of his speedy trial rights. In that the trial court overruled said motion, defendant chose to enter a plea of guilty pursuant toAlford. However, prior to the acceptance of this plea by the court, defendant was granted permission amend his plea to one of no contest "in order to preserve the appellant's rights to a review of the trial court's decision on the motion to dismiss."Id. at 176.
It therefore follows that had appellant wished to challenge the trial court's denial of the motion to dismiss on speedy trial grounds, he should have entered a plea of no contest rather than an Alford plea which operates as a plea of guilty and thereby waives appellate review of the issue. As previously stated, there is no evidence on record that the court would have refused to entertain such an option. What the record in the case sub judice
does reflect however is that under the original charge of rape, appellant faced a maximum sentence of life in prison. Under the plea agreement, the maximum penalty was reduced to five years. By entering a plea of guilty, appellant essentially traded his rights to appeal for the certainty of minimal prison time on an extremely serious charge.
Having determined that appellant's Alford plea acts as a guilty plea, it is clear that this court is without authority to address whether the trial court erred in overruling appellant's motion to dismiss. Carter and Luna, supra. The Ohio Supreme Court has repeatedly held that entering a guilty plea acts as a waiver of an individual's right to raise on appeal the denial of his right to a speedy trial. State v. Kelley (1991), 57 Ohio St.3d 127,130, citing Montpelier v. Greeno (1986), 25 Ohio St.3d 170. As such, the assignment of error as originally addressed in appellant's brief is without merit.
This court must now turn to the argument raised by appellant in his reply brief. Appellant argues that if this court finds he waived the speedy trial issue for appellate review, his fall back argument would be that his plea was hot knowingly, voluntarily and intelligently entered. As such, appellant would have this court vacate his plea.
Prior to accepting a guilty plea by a defendant, a trial court is required to follow the dictates of Crim.R. 11 (C) which directs the trial judge to inform the defendant of certain matters. State v. Johnson (1988), 40 Ohio St.3d 130, 132-33.
Crim.R. 11 (C) states as follows:
 "(2) In felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with the rule in order to effectuate a valid plea. State v. Nero (1990), 56 Ohio St.3d 106,108. Only upon a showing that Crim.R. 11 was not substantially complied with will a reviewing court vacate a guilty plea. Id. A trial court will be deemed to have substantially complied with Crim.R. 11 if, under the totality of the circumstances, the defendant knowingly, voluntarily and intelligently entered his plea and subjectively understood the, effect of the plea, the rights being waived and the consequences of such. State v.Stewart (1977), 51 Ohio St.2d 86.
A review of the transcript from the plea proceedings reveals that contrary to appellant's belief, the trial court adequately complied with Crim.R. 11 so as to insure that appellant's plea was knowingly, voluntarily and intelligently entered. Upon learning of the plea agreement, the trial judge proceeded to personally address appellant. In doing so, the trial judge addressed all requirements of Crim.R. 11 (C) in the same order as they appear in the rule. The trial judge began his on the record discussion with appellant by indicating the nature of the sexual battery charge to which the plea pertains. It was clearly set out that by entering a plea of guilty, appellant would be admitting to engaging in sexual conduct with his daughter, Veronica Lewis. Furthermore, the judge then proceeded to advise appellant that the charge was a third degree felony which could lead to a term of imprisonment of one, two, three, four or five years. Appellant was also advised that community control sanctions were an option for this type of offense but such an option lies within the sound discretion of the trial court. Throughout this discussion appellant repeatedly acknowledged that he understood what was being explained to him.
The trial judge then advised appellant that he is in no way required to enter a plea of guilty. The court explained that appellant had previously exercised his right to a jury trial and said trial had in fact begun. In the event appellant chose not to enter a plea, it was explained that the jury trial can continue. In that appellant had a right to a trial to a jury or a judge, the trial court explained that appellant cannot be compelled to enter a plea. Although appellant takes issue with this particular portion of the trial court's plea discussion, his position is unwarranted. While the trial court indicated that it is too late for appellant to waive a jury trial, that pronouncement was related to appellant's right to choose between a trial to the bench or to a jury. In that a jury was already empaneled in the case sub judice, it would be impossible for appellant to waive a jury trial since he had already exercised that right. Moreover, the trial judge made it clear that the plea essentially terminated the trial and extinguished the right to a trial by jury in the future.
Finally, a thorough explanation by the trial court is set forth in the record as to the state's burden of proof should a trial be held, the right to confront witnesses, the right to compel witnesses on his own behalf, and the right to be silent at a trial on the matter. In light of the guilty plea, it was also indicated to appellant on the record that all such rights would be waived. The trial court then specifically stated:
 "Also you have the right to appeal in the event you were found guilty saying that I made a mistake. Obviously when you plead guilty there is no trial and you're giving up those rights. Do you understand that?
THE DEFENDANT: Yes." (Plea Hearing Tr. at 10.)
While it was brought to the court's attention during the plea hearing that appellant's plea was pursuant to Alford, supra the court specified that the conditions discussed above would not be affected. Nonetheless, appellant expressed his desire to go forward with his guilty plea. The court concluded by finding that appellant appeared to have understood the rights which he was forfeiting and that the plea was knowingly, voluntarily and intelligently entered. This conclusion is supported by appellant's counsel when he states:
 "As an officer of the Court I believe that he knows what he is doing. He intelligently and voluntarily understood his rights. I believe he has waived his rights * * *." (Plea Hearing Tr. at 4.)
As such, the trial court accepted appellant's plea and ordered that a pre-sentence investigation be completed prior to sentencing.
The record also reflects a compliance with the requirement that a factual basis for the Alford guilty plea be provided. (Id. at 38, fn. 10). During the court's discussion with Attorney DiMartino and appellant as to the nature of the plea, the following stipulation was placed on record:
 "MR. DIMARTINO: * * * This plea of guilty to this amended charge is being given pursuant to the rationale of North Carolina versus Alfred (sic), on the basis that to continue on at trial in my opinion would likely result in a conviction which will then require Michael to serve 20 years in prison. * * * the testimony by the State's witnesses, including this admission of Charles Lewis and the South Carolina incidents * * *. I believe, and correct me if I'm wrong, the reason he is entering this plea of sexual battery is not because he did the crime but just based on the trial economics of going forward will likely result in a conviction meaning a life sentence, versus making a guilty plea at this point which at most will likely result in a five-year sentence. Is that your understanding —
THE DEFENDANT: Yes.
 MR. DIMARTINO: We would stipulate that the State's case at trial would show that on or about October 29, 1996, in Mahoning County, Ohio, according to the State's witnesses, Michael Lewis engaged in anal intercourse, anal and penile intercourse with his daughter, one Veronica Lewis, being less than 13 years of age.
* * *
 MR. DIMARTINO: I think by our stipulations of what the State's case would show I think I probably have — we met the prosecutor's obligation with regard to an Alfred (sic) plea." (Plea Hearing Tr. at 15-17.)
Based upon the colloquy which occurred on the record, we can only conclude that in accepting appellant's plea, the trial court met its burdens as outlined in Crim.R. 11, as well as those set forth in Alford. The trial court clearly informed appellant of the impact that his guilty plea would have upon his rights. There is no indication in the record that appellant did not knowingly and voluntarily enter his guilty plea. Appellant willfully chose to plead guilty while fully aware that he was not required to do so, in an attempt to minimize the sentence to be imposed on the charges. During the course of the plea hearing, appellant expressly acknowledged his awareness of the fact that he was waiving his right to appeal by entering a guilty plea. Due to the fact that the court complied with the dictates of the law, this court is without authority to vacate appellant's guilty plea.
Hence, since appellant waived any right to assert a violation of his speedy trial rights, this appeal lacks merit.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 _________________________ Joseph J. Vukovich, Judge