Defendant-appellant, Tamra Simmons, appeals from a judgment of the Franklin County Municipal Court finding her guilty of one count of persistent disorderly conduct in violation of R.C.2917.11(E).
By complaints filed August 22, 1998, defendant was charged with one count of obstruction of justice in violation of R.C. 2921.31 and one count of resisting arrest in violation of R.C. 2921.33. Although defendant originally entered a not guilty plea to both charges, she subsequently entered a guilty plea, pursuant to a plea agreement, to a reduced charge of persistent disorderly conduct in exchange for the dismissal of the resisting arrest charge. Defendant specified that her plea was an "Alford" plea, and she was sentenced for the violation. Defendant appeals, assigning a single error:
 THE TRIAL COURT ERRED BY ENTERING JUDGMENT OF CONVICTION BASED UPON A GUILTY PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY.
Defendant's Alford plea under North Carolina v. Alford
(1970), 400 U.S. 25, while protesting her innocence, is procedurally indistinguishable from a guilty plea. State v. Luna
(1994), 96 Ohio App.3d 207, 211; State v. Carpenter (Mar. 12, 1991), Franklin App. No. 90AP-803, unreported (1991 Opinions 1032). We thus refer to defendant's plea for purposes of examining her single assigned error.
A trial court must substantially comply with the requirements of Crim.R. 11 before it may accept a guilty plea. State v. Stewart (1977), 51 Ohio St.2d 86. Persistent disorderly conduct is a misdemeanor of the fourth degree and is punishable by a maximum of thirty days in jail. R.C. 2929.21(B)(4). Because the charge is a petty offense as that term is defined in Crim.R. 2(D), the trial court must substantially comply with the provisions of Crim.R. 11(E) before accepting defendant's guilty plea.
Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." As defendant notes, the Sixth District Court of Appeals, in Toledo v. Chiaverini (1983),11 Ohio App.3d 43, held that a court, when accepting a guilty plea pursuant to Crim.R. 11(E), must advise defendant of the constitutional rights that are being waiving by pleading guilty.Id. at 44. Many courts in Ohio have followed Chiaverini and require trial courts to explain the constitutional rights defendants waive by pleading guilty to a misdemeanor petty offense. See, e.g., State v. Cady (Apr. 5, 1999), Warren App. No. CA97-09-102, unreported; State v. Raimer (Dec. 24, 1998), Geauga App. No. 97-G-2120, unreported; Cleveland v. Wanzo (1998),129 Ohio App.3d 664, 668.
This court, however, has declined to follow Chiaverini.State v. Johnson (May 11, 1989), Franklin App. No. 88AP-1107, unreported (1989 Opinions 1598); Columbus v. Pierce (Aug. 29, 1989), Franklin App. No. 89AP-17, unreported (1989 Opinions 3069).Johnson refused to follow Chiaverini, reasoning that "the court inChiaverini * * * extended Crim.R. 11(E) beyond its intended scope, and this court declines to do the same." Id. at 1602. As the court explained in Pierce, Chiaverini requires a trial court in effect to follow the procedure set forth in Crim.R. 11(C) which governs the acceptance of pleas in felony cases, and "[w]hile that may be the better procedure, it is not mandated by Crim.R. 11(E) * * *."Id. at 3075.
In Johnson, the trial court substantially complied with the requirements of Crim.R. 11(E) by notifying defendant of both the maximum penalties that he could receive and the waiver of his right to a jury trial resulting from his guilty plea. The trial court in Pierce failed to substantially comply with Crim.R. 11(E) by not determining whether the guilty plea was knowingly, voluntarily and intelligently made and also by failing to inform defendant of the maximum sentence which could be imposed. See, also, Columbus v. Burks (Feb. 7, 1978), Franklin App. No. 77AP-689, unreported (1978 Opinions 149) (finding reversible error in failing to inform defendant of possible penalty and noting that compliance with Crim.R. 11(E) requires that the trial court, at the least, should tell defendant that "a plea of guilty means a complete admission of guilt and what the possible sentence is");State v. Pearce (July 24, 1998), Ottawa App. No. OT-96-057, unreported (reversing acceptance of guilty plea when "[u]nlikeToledo v. Chiaverini, the court did not even inform appellant of the potential penalties for the three offenses on the record before accepting the pleas").
Here, the trial court failed in its colloquy with defendant to mention any penalty that could be imposed as a result of defendant's guilty plea, and thus failed to satisfy one of the minimal requirements of Crim.R. 11(E). See Garfield Hts. v.Mancini (1997), 121 Ohio App.3d 155, 157 (failing to inform defendant of potential penalty prior to accepting plea was reversible error); State v. Stamper (June 12, 1997), Mahoning App. No. 95-CA-73, unreported (failing to inform defendant of possible penalties before accepting plea did not comply with Crim.R. 11(E)). Although the court asked defendant if her attorney discussed with her the possible penalties and the rights she was giving up, and defendant answered affirmatively, the duty to discuss the consequences of a guilty plea under Crim.R. 11(E) is the trial court's and is not satisfied solely by counsel. State v.Minor (1979), 64 Ohio App.2d 129, 131.
Defendant, however, also signed a form entitled "Advice of Rights and Waiver of Trial by Jury" that included a statement that she had been advised of the possible penalties that could be imposed and that she had been informed of the effects of her plea. Even if in some instances a written form may suffice, a written form that does not disclose the possible penalties that can be imposed is not alone an adequate substitute for the trial court's informing defendant of the penalties. Cf. State v. Saaty (Mar. 4, 1997), Franklin App. No. 96APA06-777, unreported (1997 Opinions 682, 686-687), quoting State v. Sturm (1981), 66 Ohio St.2d 483
("* * * a written plea form may not serve as a cure for a trial court's failure to personally advise a defendant on all required issues"). The form defendant signed here does not indicate the potential penalty attached to defendant's guilty plea, but simply states defendant has been advised of the penalties. While defendant indicated her counsel had informed her of the penalties that could be imposed, that alone, as noted, is insufficient.
While the trial court obviously attempted to work through the plea here in a diligent manner, it nonetheless failed minimally to notify defendant of the possible penalties that the court could have imposed on defendant as a result of her guilty plea. The trial court thus did not substantially comply with the dictates of Crim.R. 11(E). Accordingly, defendant's single assignment of error is sustained, the judgment of the trial court is reversed, the guilty plea is set aside, and this matter is remanded to the trial court for further proceedings on the charges.
Judgment reversed and case remanded.
BOWMAN and PETREE, JJ., concur.