DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant pled no contest and was found guilty of four counts of robbery and four counts of attempted robbery. Because we conclude appellant's indictment was sufficient and his motion to suppress a confession properly denied, we affirm.
 {¶ 2} On August 1, 2000, an elderly woman identified appellant, Ellihue Blackwell, Jr., as the man who snatched her purse from her as she was exiting her car. Appellant was arrested, advised of his rights pursuant to Miranda v. Arizona (1966), 384 U.S. 436, and interviewed by Toledo police. During the course of the interview, appellant implicated himself in seven other purse snatching thefts from elderly victims.
 {¶ 3} Ultimately, appellant was indicted on eight counts of robbery. In response, he pled not guilty and moved to suppress his confession. When the trial court denied his suppression motion, appellant entered into a plea agreement wherein he pled no contest to four counts of robbery and four counts of attempted robbery. The trial court accepted the plea and found appellant guilty on all counts. The court sentenced appellant to four five-year terms of incarceration on the robbery counts and four eighteen-month terms of incarceration on the attempted robbery counts, all to be served concurrently.
 {¶ 4} Appellant appealed his conviction, but the appeal was dismissed when appellant's original appellate counsel failed to file a brief. In January 2002, appellant moved to reopen his appeal pursuant to App.R. 26. We granted the motion.
 {¶ 5} On reopening, appellant sets forth the following two assignments of error:
 {¶ 6} "I. The trial court erred in finding appellant `guilty' based upon his plea of `no contest' as the indictment was insufficient to support said finding.
 {¶ 7} "II. The trial court committed error in overruling Mr. Blackwell's motion to suppress as his statements were not voluntary."
 I. {¶ 8} In his first assignment of error, appellant complains that the indictment against him was defective, since it recited only the statutory language of the offense. Appellant, citing our decision inState v. Luna (1994), 96 Ohio App.3d 207, contends that an indictment which simply parrots statutory language, changing only the date of the offense, is insufficient to support a finding of guilt on a no contest plea.
 {¶ 9} A "no contest" plea is not an admission of guilt, but an admission that the facts alleged in the indictment are true. Crim.R. 11(B)(2). Consequently, if an indictment fails to allege each essential element of an offense, without more, a "no contest" plea cannot support a finding of guilt. Luna at 209, citing State v. Hayes (Jan. 14, 1983), Hancock App. No. 5-82-11.
 {¶ 10} This is not the same as to say that a bare bones recital of the statutory elements is insufficient to support a guilty finding on a no contest plea. The Luna indictment omitted an allegation of "deception" for a theft by deception offense and also failed to allege that the offense was committed within the jurisdiction of the court as required by R.C. 2941.03. Appellant has failed to direct our attention to any element of robbery omitted in his indictment.
 {¶ 11} Appellant also suggests that a bare bones indictment fails to advise a defendant of the "nature and cause" of the accusation made against him as dictated by Section 10, Article I, of the Ohio Constitution. Moreover, according to appellant, an indictment which recites only the statutory elements and a date, might create problems should a double jeopardy issue arise concerning a second offense on the same day.
 {¶ 12} In our view, an indictment which makes no attempt to particularize facts is certainly not the preferred practice. It seems to us that such a rote exercise presents a significant opportunity for errors and omissions. The state uses such an indictment at its own peril. However, as stated above, as long as there are allegations of all the essential elements of an offense, such an indictment is sufficient. If a defendant fails to find an indictment adequately specific, he or she may, as did appellant, request a bill of particulars.
 {¶ 13} With respect to any confusion such an indictment might later engender, we note that during appellant's plea colloquy the court inquired of the prosecutor about the basis of the charges. On the record, the state detailed each offense and each victim with specifics as to the date, time and occurrence. If there is any doubt as to the nature of the offenses or any possibility of confusion as to the particularity of the offenses to which appellant pled, the prosecutor's recital of the facts which would have been proven had the matter proceeded to trial is sufficient to dispel such concerns. Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 14} In his second assignment of error, appellant complains that the trial court should have suppressed his confession because it was not voluntary. In support of this assertion, appellant cites to the fact that his interrogation was three hours long. Appellant also notes that it was more than half an hour after he received and waived his Miranda
rights that he began to relate any unlawful behavior. Moreover, appellant suggests that police tricked him into a confession by offering him an opportunity to tell "his side" of the story and implying that, if he talked, the court might limit his punishment to restitution.
 {¶ 15} At the suppression hearing, the trial court had before it appellant's signed waiver of his Miranda rights and three hours of videotape containing his interrogation. At that hearing, and here, appellant failed to point to any part of his interview — save the length of it — which might be deemed coercive. See State v. Cooey
(1989), 46 Ohio St.3d 20, 28. With respect to police trickery or improper implications, such tactics are not per se indicative of an unlawful interrogation. State v. Hatcher (Feb. 17, 2000), Franklin App. No. 99AP-460, Cooey, supra, 27. Considering the totality of the circumstances, we must concur with the trial court in the conclusion that appellant's statement was voluntary. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.