OPINION
{¶ 1} Defendant-appellant, Dale Hughes, appeals the decision of the Warren County Court of Common Pleas, finding that he violated the conditions of his community control and re-imposing his prison sentence. We affirm the decision of the trial court.
 {¶ 2} On August 6, 2002, appellant was indicted on eleven counts, including five counts of rape, five counts of gross sexual imposition, and one count of attempted rape. The offenses were allegedly committed against his stepdaughter when she was between the ages of four and ten years old.
 {¶ 3} In a negotiated plea agreement, appellant entered a guilty plea pursuant to North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, to one count of attempted gross sexual imposition and one count of sexual battery. The remaining charges were dismissed. Appellant was sentenced to an 18-month prison term on each count and the trial court ordered that he serve the sentences consecutively.
 {¶ 4} Appellant was released from prison and placed on community control five months later upon his motion for judicial release. As a community control condition, he was required to complete a sexual offender program at the Community Correctional Center in Warren County. The program requirements mandate that participants admit to the offense and acknowledge the existence of a victim. Appellant's parole officer filed a community control violation charge when appellant failed to participate in the program. Although appellant attended the program, he continued to maintain his innocence, asserting that he had committed no crime, and that there was no victim. For this reason he was discharged from the program.
 {¶ 5} After a hearing on the matter, the trial court revoked appellant's community control and ordered that he serve the remainder of his prison term. He appeals, raising a single assignment of error as follows:
 {¶ 6} "The Trial Court Committed Prejudicial Error In Revoking Appellant's Community Control Based Solely On Appellant's Refusal To Admit To Specific Criminal Conduct And A Specific Victim As A Condition Of Community Control Given The Fact That The Trial Court Had Accepted Appellant's Alford Plea."
 {¶ 7} A trial court's decision revoking community control may be reversed on appeal only upon demonstration that the court abused its discretion. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.State v. Maurer (1984), 15 Ohio St.3d 239, 253.
 {¶ 8} In his assignment of error, appellant asserts that the trial court erred by revoking his community control based solely on his failure to participate in the sexual offender program which required that he admit his guilt. Appellant submits that the revocation is incongruous with the trial court's earlier acceptance of his Alford guilty plea which permitted him to maintained his factual innocence.
 {¶ 9} An Alford plea is a qualified guilty plea containing a protestation of innocence, entered after a defendant voluntarily, knowingly, and understandingly concludes that his interests require the entry of a guilty plea. Alford at 37. The plea may be accepted where there is a sound and substantial factual basis supporting the allegations. Id. Although an Alford plea allows the defendant to maintain his factual innocence, the plea has the same legal effect as a plea of "guilty," and upon acceptance by the trial court, the defendant stands convicted as though he had been found guilty by a trier of fact. SeeState v. Luna (1994), 96 Ohio App.3d 207, 211.
 {¶ 10} In a somewhat factually similar case, the Tenth District Court of Appeals found that it could not "reconcile [defendant]'s Alford
plea and the requirement as a part of his counseling session that he admit he had a victim." State v. Birchler (2000), Franklin App. No. 00AP-311. In Birchler, the defendant entered an Alford guilty plea to an assault charge, while other charges of rape and kidnapping were dismissed. When he was later released on probation, he was required to participate in sex offender counseling. The trial court revoked his probation when he was unable to complete the program due to his failure "to acknowledge specific criminal conduct against a victim[.]"
 {¶ 11} In reversing the trial court's decision revoking community control, the appellate court distinguished an earlier, contrary ruling by the Sixth District Court of Appeals in State v. Stewart (1995), Wood App. No. WD-94-053. The defendant in Stewart was convicted of domestic violence and, when released on probation, was required to attend a domestic violence offender program. His probation was revoked when he refused to admit, in counseling, the acts for which he was convicted. On appeal, the revocation was affirmed since the trial court had informed the defendant that he would have to participate in the domestic violence offender program and admit his guilt, and the defendant failed to comply with this requirement.
 {¶ 12} Central to the analysis in Birchler was discussion of the trial court's failure to inform the defendant that he would have to admit his guilt in order to comply with his probation conditions, specifically the sexual offender program. The Birchler court noted that the program's own statement of its requirements mandated only that the participant acknowledge his "offense of record," and that the defendant readily admitted to the single assault conviction. However, he refused to admit having committed any sexual offenses, nor was he convicted of any. The court thus concluded that, "under the circumstances of the case," the trial court had abused its discretion by revoking the defendant's probation upon his failure to complete the sexual offender program.
 {¶ 13} In the present case, as in the Stewart case, appellant was on notice that his successful participation in the sexual offender program was a requirement of his community control. While appellant argues that he was not informed that "a condition of the sex offender program would be the requirement that he admit having a victim or admit that he was responsible for any criminal offense," we find that such an advisement was not necessary, and that his contention is factually unsupported by the record.
 {¶ 14} The trial court's acceptance of appellant's Alford guilty plea resulted in his conviction. However, the trial court's acceptance of appellant's Alford plea did not result in anything less than appellant's conviction of the crimes charged. Upon his conviction, the trial court was obliged to treat appellant as any other convicted defendant with regard to sentencing.
 {¶ 15} Consequently, when imposing community control sanctions, the trial court was required to express the conditions of appellant's release in a manner "clear enough to notify [appellant] of the conduct expected of him." State v. Jones (1990), 49 Ohio St.3d 51, 55. This the trial court did, informing appellant that he was required to participate in the sex offender program. The trial court admonished appellant that "[i]t is important, absolutely necessary that you cooperate with that program, that you succeed in that. If you don't, if they kick you out of there I'm going to send you back to prison to finish this sentence." Appellant acknowledged that he understood.
 {¶ 16} We find no authority, and appellant has failed to cite any authority, indicating that the trial court, when requiring completion of a program such as a sexual offender program, must detail the minutiae of the program's requirements. Rather, we find it was sufficient that the trial court clearly informed appellant that his community control required that he successfully complete the sexual offender program.
 {¶ 17} Finally, appellant's motion for judicial release indicates that he has "accept[ed] responsibility for his behavior," and was "remorseful for his actions." At the hearing on the motion, appellant's counsel indicates that appellant's unwillingness to admit his guilt may hinder his ability to comply with the program requirements. These statements further belie appellant's contention that he was unaware that the program would require him to admit guilt in order to successfully complete its requirements.
 {¶ 18} The trial court unequivocally required appellant to complete the sexual offender program as a community control condition. Appellant failed to complete the program, and we accordingly find that the trial court did not abuse its discretion in revoking appellant's community control and re-imposing the remainder of his prison sentence. The assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.