The State of Ohio, Appellee, *v.* Matthes, Appellant.

(No. 25404—Decided April 27, 1961.)

Mr. *John T. Corrigan*, prosecuting attorney, and Mr. *Frederick Frey*, for appellee.
Mr. *Fred H. Mandel*, for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment entered in the Court of Common Pleas of Cuyahoga County wherein the defendant was sentenced to the Ohio Penitentiary on four counts for violations of the Ohio Securities Act, Chapter 1707, Revised Code.

The record discloses that on January 18, 1960, the defendant entered a plea of not guilty. On June 1, 1960, the plea was withdrawn and a plea of guilty entered, and the defendant was referred to the Probation Department for investigation and report. On July 6, 1960, the case was again passed for sentencing until August 15, 1960. On October 3, 1960, when before the court for sentencing, the defendant, before sentence, by his attorney, requested the court for permission to withdraw the plea of guilty and enter a plea of not guilty for the reason that the de-

fendant "did not understand the implication and the meaning of the plea of guilty." At such hearing, the defendant, *inter alia*, said the following to the court:

"I would state the major thing that I did not understand when I pled [*sic*] guilty was the enduring nature of the penalty. In other words, the fact there would be a black mark on my career for the rest of my life, and would affect my children and my wife. * * * I had no idea of the restrictions that would be placed upon me because of the plea of not [*sic*] guilty, for instance, I was engaged to run a fairly nice insurance on behalf of the people in south Florida; it turns out the state law, and most states, will not permit this type of record to take an office in an insurance company or other companies like that. The main thought that I had was, first of all, the four points that were charged against me, we are here really two times two. * * *,"

There was no cross-examination of the defendant, nor was any evidence whatever introduced to controvert these statements.

The sole ground of appeal is that he was denied his constitutional right of a trial under Section 5, Article I of the Constitution of the state of Ohio, which reads:

"The right of trial by jury shall be inviolate, * * *."

It is stated in 15 Ohio Jurisprudence (2d), 416, Criminal Law, Section 217:

"Within the discretion of the court, a plea of guilty may be withdrawn under certain conditions, and a plea of not guilty entered. The law is not so technical as to regard the entry of a plea of guilty as a finality, especially when dealing with the life or liberty of a citizen. The practice of withdrawing one plea to make way for another is especially common where the defendant has improvidently pleaded guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake, or under a misconception of the nature of the charge, or through a misunderstanding of its effect or because of misrepresentations. * * *"

In 16 Corpus Juris, it is stated at page 398, Section 730, as follows:

"The withdrawal of the plea of guilty should not be denied

in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. Therefore, the court ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act * * * or if it appears that the plea was entered under some mistake or misapprehension."

In 14 American Jurisprudence, 961, Criminal Law, Section 287, it is stated:

"* * * Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; * * * or even where it was entered inadvisedly, if any reasonable grounds is offered for going to the jury. * * *"

See, *State* v. *Virgi*, 84 Ohio App., 15; *Ward* v. *United States*, 116 F. (2d), 135; and *Brooks* v. *State*, 17 Ohio App., 510.

It appears to this court that the record, though meager, presents uncontroverted evidence that the defendant, appellant herein, had a misconception of the nature of the charges brought against him as well as a misunderstanding as to the effect a plea of guilty might have upon him and his future life, and that under these facts and the great weight of authority the refusal to permit the defendant to withdraw his plea of guilty and to enter a plea of not guilty constitutes an abuse of discretion which requires this court to reverse the judgment of the trial court.

The judgment, accordingly, is reversed and the cause remanded with instructions to permit the defendant to withdraw the plea of guilty, to enter a plea of not guilty, and for further proceedings according to law.

*Judgment reversed.*

KOVACHY, P. J., SKEEL and HURD, JJ., concur.