THE STATE OF OHIO, APPELLEE, *v.* KRISTANOFF, APPELLANT.

(No. 11802—Decided May 15, 1972.)

Mr. *William A. McClain,* Mr. *Ralph E. Cors* and Mr. *William P. Whalen,* for appellee.
Mr. *James Alton Combs,* for appellant.

Hess, P. J. This is an appeal from a judgment and denial of a motion for a new trial by the Hamilton County Municipal Court. There is no significant dispute on the facts.

On July 9, 1971, defendant, the appellant herein, was arrested and charged with aiding and abetting prostitution and with false hotel registration. Following the arrest, the arresting officer asked defendant if he would testify as a witness for the state against the hotel where the offense occurred in return for the officer's recommendation that the charges be dismissed.

Defendant agreed and the arresting officer advised him to request a continuance when his case was brought before the trial court. On July 10, 1971, defendant was brought before the court and a plea of no contest entered. The arresting officer was not present and no mention of the offer of immunity was presented to the trial court. Defendant was found guilty and sentence imposed.

On July 14, 1971, defendant's motion for a new trial was heard. The arresting officer appeared in court and affirmed that an offer of immunity had been made. The trial court denied the motion.

The defendant presents two assignments of error. In the first assignment, the claim is made that the trial court erred in denying defendant's motion for a new trial for the reason that defendant's plea of no contest was invalid.

R. C. 2937.07 provides that the entry of a plea of no contest in a misdemeanor case constitutes a stipulation that the trial judge may make a finding of guilty or not guilty from an explanation of the circumstances of the offense. A plea of no contest, then, results in the waiver of substantial constitutional rights including but not limited to the right to counsel, the right to confront witnesses and the right to trial by jury. A waiver of these rights by an accused must be made voluntarily, knowingly, and intelligently to comply with the due process requirements of the Fourteenth Amendment to the federal Constitution.

The procedural requirements of due process when an accused is brought before the court following arrest in

Ohio are defined in R. C. 2937.02. Subdivision (C) of that section requires the court to advise the accused of the effect of pleas of guilty, not guilty, and no contest. To sustain the validity of a plea of no contest and the concomitant waiver of constitutional rights, the record must affirmatively demonstrate that the court discharged the mandatory duties imposed by R. C. 2937.02. *Cleveland* v. *Whipkey,* 29 Ohio App. 2d 79.

In the instant case, the record fails to affirmatively demonstrate that the defendant was advised by the trial court as required by R. C. 2937.02. For this reason, the plea of no contest is invalid and the trial court erred by denying defendant's motion for a new trial. The first assignment is well taken.

In the second assignment, the claim is made that the trial court's judgment of guilty upon the plea of no contest was made without a sufficient "explanation of the circumstances" as required by R. C. 2937.07. The record contains statements of the defendant, his co-defendant, and the prosecutor in addition to the sworn affidavit of the arresting officer. These statements and the affidavit are sufficiently explanatory of the circumstances to substantiate the presence of each element of the offenses charged and would have provided a sound basis for a finding of guilt in compliance with R. C. 2937.07 upon a valid plea of no contest. The second assignment of error is without merit.

It is, therefore, ordered by the court that the judgment of the Hamilton County Municipal Court be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Young and Shannon, JJ., concur.