CITY OF TOLEDO, APPELLEE, *v.*
CHIAVERINI, APPELLANT.

(No. L-83-013—Decided
April 29, 1983.)

*Mr. John T. Madigan,* chief prosecutor, for appellee.

*Mr. Arnold N. Gottlieb,* for appellant.

RESNICK, J. This is an appeal from the Toledo Municipal Court. Appellant was charged with the offense of assault, a violation of Toledo Municipal Code Section 537.03. On October 20, 1982, his case came on for trial to the court. The appellant was not represented by an attorney. After being advised by the court of his right to be represented by an attorney and the penalty involved in the charge of assault, appellant gave up his right to be represented by counsel and entered a plea of no contest. The trial court made a finding of guilty and referred the case to the probation department.

On November 23, 1982, the matter came on for sentencing. The appellant appeared in open court with an attorney. Prior to sentencing, appellant's attorney requested the court to vacate the plea entered on October 20, 1982, contending that the appellant was confused and did not fully comprehend the consequences of the finding of guilty. The lower court denied the request and proceeded to sentence the appellant to ten days in the Toledo House of Correction. It is from this sentence that the appellant has filed a timely appeal.

The appellant has raised the following assignments of error:

"I. Appellant did not enter his plea voluntarily.

"II. The trial court committed error by failing to allow appellant to withdraw his former plea."

After a review of the record, this court finds that the lower court fully advised the appellant of his right to retain an attorney and that if he could not afford an attorney, the court would appoint one for him. The lower court also advised the appellant of the penalty involved in the case. This court finds, however, that a defendant, whether or not he is represented by counsel, must be advised of other constitutional and statutory rights, pursuant to Crim. R. 11(E). When the appellant entered his plea of no contest, he was, in effect, waiving several constitutional rights, including, but not limited to, his right to a trial, his privilege against self-incrimination, his right to confront those who brought the charge against him and the right to compulsory process.

Appellant contends that Crim. R. 11(D) applies in the case *sub judice.* Crim. R. 11(D) provides:

"(D) Misdemeanor cases involving serious offenses. In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing him of the effect

of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right."

The definition of "serious offense" is found in Crim. R. 2:

" 'Serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for *more than six months.*" (Emphasis added.)

The maximum penalty for the charge of assault is six months' incarceration. Therefore, pursuant to Crim. R. 2, the words "serious offense" as used in Crim. R. 11(D) do not apply. The offense of assault, not falling within the language of Crim. R. 2, must be construed as a "petty offense" and, therefore, the procedure set forth in Crim. R. 11(E) controls. Crim. R. 11(E) provides as follows:

"Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and *shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.*" (Emphasis added.)

In the case *sub judice,* the record does not evidence the fact that the lower court complied with Crim. R. 11(E) by advising the appellant of the effect of the plea of no contest. In fact, the court erroneously advised the appellant that if he pleaded no contest, the court would automatically make a finding of guilty. The transcript reveals the lower court stated in this regard:

"The Court: Let me explain. If you enter a no contest plea today, I will make a finding of guilty * * *."

There is no showing that the lower court either read the complaint or sought an explanation of the circumstances from the complainant or prosecutor to determine whether the appellant was guilty or not guilty of the charge. The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim. R. 11(E), should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant.

It has been held in the case of *State* v. *Herman* (1971), 31 Ohio App. 2d 134, at 135 [60 O.O.2d 210], that:

" '* * * [T]he plea of 'no contest' is not synonymous with the ancient plea of '*nolo contendere*' in that the plea of '*nolo contendere*' is an implied admission of guilt and, for the purpose of the case in which it is entered, is equivalent to a plea of guilty, whereas, in a plea of no contest, the court must go further and make a finding of guilty or not guilty from the 'explanation of circumstances.' "

Clearly, in the instant case, there is no showing in the record that the lower court complied with the criminal rule. In *State* v. *Kristanoff* (1972), 32 Ohio App. 2d 218, at page 220 [61 O.O.2d 222], the court stated that:

" '* * * R.C. 2937.02. Subdivision (C) of that section requires the court to advise the accused of the effect of pleas of guilty, not guilty and no contest. To sustain the validity of a plea of no contest and the concomitant waiver of constitutional rights, the *record must affirmatively demonstrate* that the court discharged the

mandatory duties imposed by R.C. 2937.02. *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79 [58 O.O.2d 86]." (R.C. 2937.02 now superseded by Crim. R. 5 and 11.) (Emphasis added.)

See *State* v. *Smith* (1977), 49 Ohio St. 2d 261 [3 O.O.3d 402].

The record fails to affirmatively demonstrate that the appellant was advised by the lower court as required by Crim. R. 11(E) and R.C. 2937.02. In addition, the record plainly demonstrates that the appellant appeared to be in a confused state. The record is replete with the statement that appellant was "clouded." There is no indication that the trial court either made any attempt to clarify what appellant meant by this statement or that the trial court attempted to resolve appellant's misunderstanding of the proceedings below. Under these circumstances, the plea of no contest should not have been accepted. This court, therefore, finds that the plea of no contest was not entered voluntarily, intelligently or knowingly. For these reasons, the lower court erred by accepting the plea of no contest and making a finding of guilty. The first assignment of error is found to be well-taken.

In his second assignment of error, appellant contends that the trial court abused its discretion in denying his motion to vacate the plea of no contest prior to sentence.

Crim. R. 32.1 states, in pertinent part, as follows:

"Withdrawal of guilty pleas. A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *."

On the day of sentencing, appellant appeared in open court with an attorney and requested that his prior plea of no contest be vacated and that he be permitted to plead "not guilty." After a complete review of the record, it appears that much confusion occurred in the courtroom on the day of trial. On two occasions appellant asked for a recess to talk with the prosecutor. As was noted above, appellant mentioned several times that he was "clouded." Appellant's statements on the day of sentencing indicate that he did not understand the legal ramifications of his prior plea. In a statement to the lower court before being sentenced, the appellant stated that if he were sentenced on this charge "everything goes down the tubes." It was held in *State* v. *Matthes* (1961), 113 Ohio App. 326 [17 O.O.2d 335], syllabus, that:

"Where a defendant in a criminal case has a misconception of the nature of the charges brought against him as well as a *misunderstanding as to the effect of a plea of guilty, the refusal to permit the withdrawal of such plea of guilty and allow a plea of not guilty constitutes an abuse of discretion* which requires the reversal of a judgment entered thereon." (Emphasis added.)

In view of all these facts, the trial court should have vacated the plea and permitted the appellant, who was now represented by an attorney, to enter a plea of not guilty and proceed to trial. Failing to do this, the lower court has abused its discretion. For these reasons the appellant's second assignment of error is found to be well-taken.

On consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court is reversed. This cause is remanded to said court for further proceedings according to law and assessment of costs. Costs assessed against appellee.

*Judgment reversed and*
*cause remanded.*

CONNORS, P.J., and HANDWORK, J., concur.