OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence for domestic violence issued by the Toledo Municipal Court. Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant, David B. Brown, was charged with domestic violence and disorderly conduct. After counsel was appointed, appellant initially pled not guilty to both counts. On April 14, 1998, appellant appeared before the trial court with counsel who announced that a plea agreement had been reached. Appellant was to plead no contest with a consent to a finding of guilty on the domestic violence charge; the disorderly conduct charge was to be dismissed. The court accepted the plea agreement and referred appellant for a presentence investigation.
The court then inquired of appellant's counsel as to whether appellant was being held on other charges. Counsel responded that, "It appears to be that alone, Judge." However, a police officer in the courtroom contradicted this by informing the court that appellant was incarcerated for violating the terms of work release on another charge. The court then addressed appellant:
"THE COURT: Are you not communicating with your attorney, Mr. Brown?
"DEFENDANT: I don't know what's going on here, Judge Dartt.
 "THE COURT: I'm not listening. Boo-hoo. I don't believe it. A man who's out at CCNO on 11 charges knows what is going on. I suggest you start paying attention. You have your lawyer.
 "DEFENDANT: This is the first time I seen this man, or talked to this man. I've written the counselors, the Public Defenders.
 "THE COURT: Stop whining. Your attorney has indicated that you wish to enter a plea of no contest; is that correct?
"DEFENDANT: I need to know more details before —
 "THE COURT: I don't know what kind of details you need to know, but let's recall this case. Thank you."
Later in the day appellant's case was recalled. Appellant appeared with a second public defender who advised the court that appellant now understood the proceeding and wished to enter a plea of no contest to domestic violence on the same terms as previously outlined. The court again accepted the plea, found appellant guilty of domestic violence and dismissed the remaining disorderly conduct charge without again addressing appellant. The trial court denied a subsequent motion by appellant to withdraw his plea and sentenced him to one hundred eighty days in jail.
Appellant now appeals, asserting in three assignments of error that his plea was improperly entered, that the trial court abused its discretion when it refused to permit him to withdraw his plea, and that he was denied the effective assistance of counsel.
As appellant notes in his notice of supplemental authority, our recent decision in State v. Neal (May 21, 1999), Wood App. No. WD-98-075, unreported, is directly on point and dispositive of this matter. In Neal, we held that before accepting a guilty or no contest plea for either a felony or a misdemeanor, including petty offenses, the court must comply with Crim.R. 11(E) and advise a defendant of the constitutional and statutory rights waived by such a plea. See also Toledo v. Chiaverini
(1983), 11 Ohio App.3d 43, 44. The record in this matter reveals no compliance with the rule. As a result, appellant's plea was improperly accepted. Accordingly, appellant's first assignment of error is found well-taken. The remaining assignments of error are, therefore, moot.
On consideration whereof, the judgment of the Toledo Municipal Court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J. JUDGE
 _______________________________ James R. Sherck, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.