DECISION AND JUDGMENT ENTRY
This case comes to us from the Lucas County Court of Common Pleas. It arises out of a series of four burglaries which took place between January 7 and March 19, 1998. During one of the burglaries, a woman who was sleeping in one of the houses that was broken into was raped. On June 26, 1998, a Lucas County Grand Jury indicted appellant, Walter J. Boykins, on three counts of burglary, one count of aggravated burglary and one count of rape, arising from those incidents.
Appellant initially pled not guilty. Later, he withdrew his not guilty plea and, per a plea agreement, pled "no contest" to two burglary counts and the rape charge. The remaining charges were withdrawn. The trial court engaged appellant in a plea colloquy, accepted his plea and found him guilty of the amended charges. The court then sentenced him to concurrent five year terms on the burglary charges and nine years on the rape count; the sentence for rape was to run consecutively to the burglary sentence. Additionally, the court found appellant to be a sexually oriented offender. Appellant's probation from a prior robbery conviction was also revoked and he was ordered to serve the remainder of that sentence consecutive to the sentences rendered in the 1998 cases. This appeal followed.
We now have before us appellate counsel's brief and motion to withdraw pursuant to Anders v. California (1967),386 U.S. 738. Counsel represented that she examined the record of the proceedings below and concluded that no meritorious issues could be advanced in this case. Counsel submitted a brief containing five areas of potential error which she considered, but deemed to be wholly frivolous. Appellate counsel provided a copy of this motion and brief to appellant.[1]
Although a no contest plea is not an admission of guilt, it is an admission to the truth of the facts alleged in the charging document. Crim.R. 11 (B)(2). Therefore, like a guilty plea, a no contest plea waives several constitutional rights.Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, 44; Boykin v.Alabama (1969), 395 U.S. 238, 243-244. These include,
 "the [defendant's] right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witnesses he may have in his own defense." Chiaverini, supra.
Consequently, appellate counsel focused her attention on potential errors relating to the voluntariness of the plea and its procedural aspects, as well as the propriety of the sentence rendered and certain collateral determinations.
Counsel concluded that (1) nothing in the record suggested that appellant was denied effective assistance of counsel, (2) the trial court strictly adhered to Crim.R. 11 in accepting the plea, (3) the trial court complied with R.C. 2929.11 and 2929.12 and acted within its discretion in sentencing appellant, (4) the trial court's determination that appellant was a "sexually oriented offender" was procedurally proper and founded on substantive evidence, and (5) the court's extension of appellant's probation, which he was found to have violated, was proper.
We have carefully and independently reviewed the record of this case and concur with appellate counsel's assessment. There is nothing in the record to suggest that appellant was denied effective assistance of counsel or that his plea was not knowingly, intelligently and voluntarily made. Similarly, the record reveals no error in appellant's sentencing, the determination of his sexual offender's status, or his probation revocation on a prior conviction.
Accordingly, this court's thorough and independent review of the record fails to demonstrate any arguable issues for appeal. Therefore, we find this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is well-taken and, hereby, granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Melvin L Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.
[1] On October 25, 1999, four days after this matter was submitted for our consideration, appellant wrote to the court requesting certain documents relating to his case and requesting appointment of a second appellate attorney. In this communication, appellant notes he received a copy of his counsel'sAnders brief in June 1999.
In an Anders case, an appellant is not entitled to appointment of a second attorney unless it is determined appellant has arguable errors. Penson v. Ohio (1988), 488 U.S. 75, 83-84. Moreover, pursuant to Anders, when counsel files a brief stating that there are no legitimate grounds to appeal, appellant may file his or her own brief. It is not unusual for the court to grant an inmate a continuance to draft such a brief. However, after five months have passed and the matter is decisional, it is untimely to ask for a continuance at this point. 6th Dist.Loc.App.R. 5; App.R. 14. Accordingly, appellant's communication, which we construe as a motion for a continuance, is denied.