DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Ottawa County Municipal Court wherein appellant, Debra Geller, was convicted of reckless operation, a violation of R.C. 4511.20 and a minor misdemeanor. The facts giving rise to this appeal are as follows.
On April 10, 1999, appellant was charged with driving while under the influence of alcohol, a violation of R.C. 4511.19. On October 5, 1999, the state filed a motion to amend the charge to reckless operation citing no evidence of erratic driving and appellant's breathalyser test result which was below the legal limit. On October 5, 1999, the court granted the state's motion to amend. Appellant waived her right to have an attorney present and entered a no contest plea to the charge of reckless operation. She was fined $100 and her driver's license was suspended for one hundred eighty days.
On October 6, 1999, appellant filed a motion to withdraw her plea. Attached to the motion was an affidavit from appellant's attorney stating that he had previously reached a plea agreement with the prosecutor wherein appellant would enter a plea to reckless operation in exchange for a $100 fine and no license suspension. The prosecutor agreed to notify appellant's attorney if the court objected to the plea agreement. Appellant's attorney stated in the affidavit that he was not notified that the court objected to the plea agreement. Because she believed the court would sentence her pursuant to the plea agreement, appellant waived counsel. The court denied appellant's motion to withdraw her plea. Appellant now appeals setting forth the following assignments of error:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO WITHDRAW HER PLEA OF NO CONTEST BECAUSE IT WAS A MANIFEST INJUSTICE FOR THE TRIAL COURT TO FAIL TO INFORM APPELLANT OF THE EFFECT OF HER PLEA OF NO CONTEST, SPECIFICALLY BY FAILING TO INFORM APPELLANT OF THE POTENTIAL SENTENCE THAT COULD BE IMPOSED ON HER IN VIOLATION OF OHIO RULES OF CRIMINAL PROCEDURE 11(E).
 "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING A PLEA FROM APPELLANT THAT WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY, AND WAS ENTERED BY APPELLANT WITHOUT HER SUBJECTIVE UNDERSTANDING OF THE EFFECT OF THE PLEA AND THE RIGHTS SHE WAIVED.
 "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S MOTION TO MODIFY HER SENTENCE BECAUSE ACCORDING TO THE UNCONTROVERTED RECORD OF THIS CASE, THE STATE BREACHED ITS OBLIGATIONS UNDER A PLEA AGREEMENT WITH APPELLANT BY NOT INFORMING THE TRIAL COURT OF THE SUBSTANCE OF THAT AGREEMENT AND ALLOWING THE TRIAL COURT TO IMPOSE ON APPELLANT A 180 DAY SUSPENSION OF HER DRIVER'S LICENSE AFTER HER PLEA OF NO CONTEST."
In her first assignment of error, appellant contends the court should have allowed her to withdraw her plea because of the court's failure to follow Crim.R. 11(E).
Crim.R. 32.1 states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
A defendant "has the burden of establishing the existence of manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261,264. It is within the sound discretion of the trial court to grant the motion. Id. Crim.R. 11(E) states: "in misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." When informing a defendant of the effect of a no contest plea pursuant to Crim.R.11(E), courts should advise the defendant of his or her right to a trial by jury, the burden upon the prosecution to prove guilt beyond a reasonable doubt, the right to cross-examine witnesses against him or her, his or her right not to testify and his or her right to subpoena any witness in defense. State v.Raimer (Dec. 24, 1998), Geauga App. No. 97-G-2120, citing Toledo v.Chiaverini (1983), 11 Ohio App.3d 43, 44; State v. Kennerly
(May 26, 1989), Portage App. No. 88-P-2001, unreported.
In order to be constitutionally valid, a plea of no contest must be entered knowingly, intelligently and voluntarily.State v. Kelley (1991), 57 Ohio St.3d 127. Crim.R. 11 was enacted in order to facilitate a more accurate determination of the voluntariness of a defendant's guilty plea by ensuring an adequate record for review. State v. Nero (1990), 56 Ohio St.3d 106
. Appellant contends that it was a manifest injustice for the court to have accepted her plea.
The following colloquy took place when appellant entered her no contest plea.
 "The court: All right. Ms. Geller, first of all, do you understand the agreement and is that your agreement?
 appellant: Yes.
 The Court: Do you understand what the possible penalties are?
 appellant: Yes.
 The court: Okay. How do you plea on the amended charge?
 appellant: No contest.
 The court: And do you understand by entering a plea of no contest on the amended charge you waive your right to have a trial on the matter?
 appellant: Yes.
The court: The court will accept the plea."
A review of the above colloquy shows that the court did not fully inform appellant of the effect of her plea in compliance with Crim.R. 11(E). Accordingly, we find that the court erred in not granting appellant's motion to withdraw her plea. Appellant's first assignment of error is found well taken. Appellant's remaining assignments of error are hereby rendered moot.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Ottawa County Municipal Court is reversed and remanded for further proceedings consistent with this decision. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
 Richard W. Knepper, P.J., Mark L. Pietrykowski,J., CONCUR.