OPINION
In these consolidated cases, Jerone McDougald appeals from sentencing decisions of the trial court which followed McDougald's decision to plead guilty. Originally, McDougald was indicted in Case No. 98 CR 4586 for selling or offering to sell crack cocaine in an amount exceeding one gram but not exceeding 5 grams, with a specification that the conduct was in the vicinity of a school or a juvenile. In Case No. 98 CR 4775, McDougald was indicted for selling or offering to sell crack cocaine in an amount exceeding 25 grams but not exceeding 100 grams. Both charges were violations of R.C. 2925.03(A).
After McDougald pled not guilty, trial on both cases was set for April 14, 1999. On the day trial was scheduled to start, McDougald entered into a plea bargain with the State. As a result of the plea bargain, the State moved to dismiss the specifications in Case No. 98 CR 4586, meaning that McDougald would plead guilty only to trafficking in cocaine, a fourth degree felony. The State also moved to amend the indictment in Case No. 98 CR 4775, to attempted trafficking in cocaine, under R.C.2923.02(A). That charge would then be a felony of the second degree. In exchange for the reduction in the charges, McDougald pled guilty.
In a hearing conducted the same day, the trial court verified on the record that McDougald wanted to plead guilty. After explaining McDougald's constitutional rights and the consequences of a guilty plea, the court accepted the plea and ordered a pre-sentence investigation. Also pending was the issue of probation revocation in Case No. 97 CR 3598. In that case, McDougald was under community control sanctions for possession of crack cocaine. A disposition hearing was set for May 11, 1999, but McDougald (who was out on bond) did not appear. McDougald was subsequently arrested, and appeared on June 11, 1999, for sentencing. At that time, the court sentenced him to three years in prison for attempted trafficking, six months in prison for trafficking between one and five grams of crack cocaine, and six months on the probation revocation, all to run concurrently.
McDougald timely appealed and now raises the following assignments of error:
I. The trial court erred in failing to adequately determine that Appellant's plea of "guilty" was knowing and voluntary.
II. The trial court erred in failing to follow Section 2929.14 Revised Code in imposing sentence.
III. The trial court erred in determining whether the conviction in Case No. 98 CR 4475 carried a presumption of a prison sentence.
 I
In support of the first assignment of error, McDougald points to two remarks which allegedly should have given the trial court notice that the plea was not knowing and voluntary. The first remark took place at the beginning of the plea hearing, when the following exchange occurred:
 The Court: First of all, Mr. McDougald, it's my understanding you obviously are giving up and waiving your right to a jury trial that was scheduled for today. Is that correct?
 The Defendant: I want to get this stuff over with that's what I want to do.
The second exchange took place after the court discussed the nature of the charges, the potential penalties, and McDougald's constitutional rights. After McDougald said that he understood these matters, the prosecutor recited a bare set of facts about Case No. 98 CR 4586 (the fourth degree felony). Essentially, the prosecutor merely recited the statutory requirements for the charge. At that point, the following colloquy occurred:
 The Court: Now, with regard to that case, Mr. McDougald, are those facts true?
 The Defendant: They true, but they not true. I just want to get it over with, you know. That's all I want to do, though.
 The Court: Let's try it again. Are the facts true that have been stated?
The Defendant: Yes, they true.
The Court: All right.
According to McDougald, the trial court had a duty at this point to make further inquiry into the plea. McDougald also claims that the court's failure to comply with Crim. R. 11's requirement of a meaningful dialogue tainted McDougald's plea to the second charge. With regard to that charge, McDougald simply admitted that the facts stated by the prosecutor were true.
After considering the record, we do not believe the trial court had a duty to make further inquiry. Under Crim. R. 11(C), trial courts must tell defendants about certain constitutional rights they are waiving by entering guilty pleas. Courts must additionally inform defendants of certain other matters, like the effect of their pleas. State v. Nero
(1990), 56 Ohio St.3d 106, 107. Further, courts have a duty to see whether defendants are making pleas voluntarily, with understanding of the nature of the charges and the maximum penalties involved. Id.
In Nero, the Ohio Supreme Court stressed that while "literal compliance with Crim. R. 11 is * * *preferred," a guilty plea may still be upheld if the reviewing court finds "substantial compliance" with the rule. Id. at 108. According to the court,
 [s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.
Id.
Our review of the transcript indicates that the trial court more than adequately complied with Crim. R. 11. The court explained McDougald's rights in detail and even explained the concept of a statutory presumption of imprisonment — something we have said the trial court does not have to do. See State v. Gales (Oct. 9, 1998), Greene App. No. 97-CA-114, unreported.
As a further matter, the exchanges McDougald cites do not show a lack of meaningful dialogue. A defendant may have many reasons for pleading guilty, and the court does not have to inquire at length simply because a defendant remarks on his or her subjective reasons for a plea. By the same token, the trial court may need to clarify a particular statement if the defendant appears to be in a confused state. See City of Toledo v.Chiaverini (1983), 11 Ohio App.3d 43, 45 (conviction reversed where the record revealed that the defendant was in a confused state and was "clouded" throughout the plea hearing).
The transcript in this case contains no evidence that McDougald was in a confused state or was functioning under circumstances different from those of any criminal defendant facing a jury trial and potential incarceration. Accordingly, because the trial court adequately complied with Crim. R. 11, the first assignment of error is without merit and is overruled.
 II
The second assignment of error is based on the trial court's alleged failure to follow R.C. 2929.14. As we mentioned earlier, the trial court imposed a three year sentence on the second degree felony charge of attempting to traffic in crack cocaine. The potential sentences for a second degree felony range from two to eight years. McDougald says that no more than a two year sentence should have been imposed because: 1) McDougald had not previously served a prison sentence, and 2) the court did not make the required findings under R.C. 2929.14(B) for deviating from the minimum sentence.
In response, the State essentially contends that R.C. 2929.14(B) does not apply to offenses charged under Chapter 2925. The State admits that McDougald pled to an attempt under R.C. 2923.02(A), but argues (1) that the crime was still a "drug abuse offense," and (2) that all drug abuse offenses are exempted from the more lenient treatment of R.C. 2929.14(B). We disagree with the State.
R.C. 2929.14 begins in division (A) by setting out a range of potential prison terms for first through fifth degree felonies. This division states, in pertinent part, that:
 [e]xcept as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of this section * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter * * *, the court shall impose a definite prison term that shall be one of the following:
* * *
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
R.C. 2929.14(B) then goes on to say that:
 [e]xcept as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Divisions (C), (D)(2), (D)(3), and (G) do not apply here because they deal with offenders who commit the worst forms of an offense, repeat violent offenders, major drug offenders, and sexually violent offenders. Likewise, R.C. 2907.02 does not apply as it concerns rape offenses. Therefore, the only possible exception is Chapter 2925. In this regard, the point to keep in mind is that R.C. 2929.14(B) says that the minimum term shall be imposed, "[e]xcept as provided * * * in Chapter 2925."
The question then becomes — what does Chapter 2925 provide? As we said earlier, McDougald was originally indicted on two charges of trafficking. The second charge, which is at issue here, was for selling or offering to sell crack cocaine in an amount exceeding 25 grams but not exceeding 100 grams, in violation of R.C. 2925.03(A). In this regard, R.C. 2925.03(A) says only that "[n]o person shall knowingly sell or offer to sell a controlled substance." The rest of the statute then lists various types of drugs which cannot be sold and outlines the penalties. For example, R.C. 2925.03(C) says that:
 "[w]hoever violates division (A) of this section is guilty of one of the following":
* * *
 (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
* * *
 (e) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds one hundred grams but is less than five hundred grams of cocaine that is not crack cocaine or equals or exceeds ten grams but is less than twenty-five grams of crack cocaine, trafficking in cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree. If the amount of the drug involved is within one of those ranges and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.
 (f) If the amount of the drug involved equals or exceeds five hundred grams but is less than one thousand grams of cocaine that is not crack cocaine or equals or exceeds twenty-five grams but is less than one hundred grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.
Notably, division (C) does not say that any particular term must be imposed. Instead, if an individual is convicted of the specified first or second degree felony drug abuse offenses, the court is required to impose a prison term, but may choose among several different prison terms.
If the legislature intended the minimum term presumption in R.C.2929.14(B) to be removed for drug offenses, it should have more clearly stated its intent. Based on the choice to elect, one could infer an intent to remove the presumption. Unfortunately, the legislature did not explicitly say so. By way of contrast, the legislature did provide in R.C. 2907.02 that the prison term for rape offenders who substantially impair a victim's judgment or control by administering any controlled substance shall be a prison term prescribed for a first degree felony that is not less than five years. The legislature could have made a similar comment in R.C. 2925.03(C), but it did not. Therefore, because Revised Code sections defining offenses or penalties are "to be strictly construed against the state, and liberally construed in favor of the accused," any ambiguity in R.C. 2925.03 and R.C. 2929.14 must be construed in favor of the defendant. R.C. 2901.04(A). Accordingly, we conclude that R.C. 2925.03 does not override the requirement in R.C.2929.14(B) for certain findings to be made on the record when the court imposes more than the minimum felony sentence on a defendant who has not previously served a prison term.
We might add that this is not a difficult task for the trial court. Specifically, all the court must say, on the record, is that the shortest term either would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. R.C. 2929.14(B). As the Ohio Supreme Court has stressed, the trial court does not have to give its reasons, but it does have to "note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v. Edmonson (1999),86 Ohio St.3d 324, 326.
More important, we disagree with the State's claim that the content of R.C. 2925.03(C) applies, and with the State's corresponding belief that a prison sentence was, therefore, mandatory. As we said earlier, McDougald was originally charged with selling or offering to sell between 25 and 100 grams of crack cocaine. Under R.C. 2925.03(C)(4)(f), the original violation was a first degree felony, and the trial court would have been required to impose a prison term from two to eight years. However, because of the plea bargain, the indictment was amended to attempted trafficking in crack cocaine, in violation of R.C. 2923.02(A). McDougald's other charge was also reduced to a fourth degree felony. At the plea hearing, the court told McDougald that both offenses were probationable. Obviously, if the court felt bound to impose a mandatory prison sentence, it would not have made this remark.
Concerning attempts to commit crimes, R.C. 2923.02(A) provides that
 No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
Division (E) of R.C. 2923.02 then says that:
 [w]hoever violates this section is guilty of an attempt to commit an offense. * * * An attempt to commit a drug abuse offense for which the penalty is determined by the amount or number of unit doses of the controlled substance involved in the drug abuse offense is an offense of the same degree as the drug abuse offense attempted would be if that drug abuse offense had been committed and had involved an amount or number of unit doses of the controlled substance that is within the next lower range of controlled substance amounts than was involved in the attempt.
Significantly, R.C. 2923.02(E) does not equate an attempt with the actual drug offense; instead, it simply equates the degree of the offenses, i.e., first degree, second degree, and so on. Therefore, under the above statute, McDougald's attempt to traffic in crack cocaine would become a second degree felony, since that is the degree of offense specified for selling or offering to sell the next lower range of unit doses of crack cocaine. See R.C. 2925.03(C)(4)(e). However, the attempt would not become the lower degree offense, i.e., it would not be subject to the mandatory prison term outlined in R.C. 2925.03(C)(4)(e). As a result, the trial court correctly concluded that the attempt to traffic in crack cocaine was a probationable offense.
In view of the above analysis, we conclude first, that R.C. 2925.03(C) does not remove the statutory requirement in R.C. 2929.14(B) for trial courts to make findings before sentencing defendants to more than the minimum term for felonies. Second, we find that R.C. 2925.03(C) does not govern the sentencing in this case, other than to specify that the attempt to traffic in crack cocaine became a second degree felony.
Accordingly, because the trial court did not make the necessary findings before sentencing McDougald to more than the minimum term for a second degree felony, we find clear and convincing evidence that the sentence was contrary to law. See R.C. 2953.08(G)(1)(d). In this regard, we note that we have reviewed the pre-sentence investigation report, which indicates that McDougald has not previously served a prison term. Consequently, the second assignment of error has merit and is sustained.
Under R.C. 2953.08(G)(2), we may "increase, reduce, or otherwise modify a sentence that is appealed." Relying on this statute, we will modify McDougald's sentence on the attempt conviction from three years to the minimum amount of prison time for a second degree felony, i.e., two years.
 III
The third assignment of error is based on the trial court's alleged error in deciding whether the attempted trafficking conviction carried a presumption of a prison sentence. At the plea hearing, the trial court told McDougald that the fourth degree felony conviction would result in a presumption for a prison term. The potential prison terms on that charge were between six and eighteen months. However, the court did not make a similar observation about the attempted trafficking charge, which had potential sentences of two to eight years. In contrast, the trial court remarked at the sentencing hearing that both charges carried a presumption for a prison term. McDougald contends the court erred by failing to tell him of the statutory presumption for the charge which carried a greater penalty. According to McDougald, the error was significant because knowledge of the statutory presumption would have influenced his decision to plead guilty.
As the State notes, we have previously rejected this type of argument. In State v. Gales (Oct. 9, 1998), Greene App. No. 97-CA-114, unreported, we held that when trial courts accept guilty pleas, they do not have to tell defendants about the statutory presumption in favor of incarceration for first and second-degree felonies, nor do they have to make sure that defendants understand the presumption. Id. at p. 4.
We see no reason to change the position we took in Gales. Further, as we said earlier, the trial court in this case did more than the minimum by explaining the statutory presumption to McDougald. Although the explanation was made in connection with the fourth degree felony, the fact remains that McDougald was aware of the distinct possibility of jail time, including the potential minimum and maximum total time on both charges as well as the anticipated probation revocation. As a final point, we note that the pre-sentence investigation report supports the trial court's conclusion that recidivism was likely. Specifically, among other things, McDougald did not avail himself of a prior chance for rehabilitation after he was convicted of possession of crack cocaine.
In light of the preceding analysis, the third assignment of error is overruled.
Based on the preceding discussion, the first and third assignments of error are overruled. The second assignment of error is sustained. The judgment of the trial court is Reversed in part and the sentence imposed in Case No. 98 CR 4775 is modified from three years to two years. In all other respects, the judgment of the trial court is affirmed.
GRADY, P. J., and FAIN, J., concur.