OPINION
Robert Lacy III appeals from his conviction in the Xenia Municipal Court of assault and disorderly conduct.
Lacy was charged with assault on August 12, 2001 and disorderly conduct on November 24, 2001. On August 14, 2001, Lacy entered a plea of not guilty to the assault charge and waived his statutory speedy trial rights. On November 20, 2001, Attorney Pamela Pinchot appeared as counsel and requested a continuance on Lacy's behalf which was denied the same day by the trial court.
On November 24, 2001, Lacy was charged with Disorderly Conduct. On November 26, 2001, Lacy entered guilty pleas to the Disorderly Conduct charge and the pending assault charge. The trial court sentenced Lacy to six months incarceration on the assault charge and thirty days on the disorderly charge to be served consecutively.
Lacy has raised five assignments of error. In the first assignment of error, Lacy contends the trial court failed to advise him of the effect of his guilty pleas as required by Crim.R. 11(E). In the second assignment he contends the trial court failed to advise him that he was waiving his right to a jury trial by entering his guilty pleas as required by Crim.R. 11(C)(2)(c).
The State admits that the trial court failed to advise Lacy that he was giving up his right to a jury trial by entering his guilty plea. The State argues that the trial court "substantially complied" with the requirements of Crim.R. 11 and that is all that is required by the Ohio Supreme Court citing State v. Stewart (1977), 51 Ohio St.2d 86. A serious offense means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(C). Assault is a misdemeanor of the first degree. The punishment for a misdemeanor of the first degree is not more than six months and therefore is a petty offense. See R.C. 2929.21. Disorderly conduct is also a petty offense.
Crim.R. 11(E) applies to misdemeanors involving petty offenses. That rule provides that "the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
Lacy argues that even in petty offenses the court must advise the defendant of the same rights that the defendant in a felony case would be entitled to pursuant to Crim.R. 11(C)(2). We disagree. The plain language of Crim.R. 11(C)(2) states it applies to felony cases. See,State v. Scott V. Watkins (November 16, 2001), Greene App. No. 2001-CA-15, unreported. On March 6, 2002, the Ohio Supreme Court issued its order to certify the record to resolve Watkins' conflict with the Sixth District's holding in Toledo v. Chiaverini (1983), 11 Ohio App.3d 43. The appellant's second assignment of error is overruled.
It is clear that the trial court did not explain to Lacy that his guilty plea was "a complete admission of his guilt" as required by Crim.R. 11(B) and 11(E). The Ohio Supreme Court has ruled that when dealing with the nonconstitutional elements of Crim.R. 11(C), the trial court need only "substantially comply" with the rule. State v. Ballard
(1981), 66 Ohio St.2d at 475. In this case, there was no compliance with Crim.R.11(E) so we need not decide whether Crim.R. 11(E) has constitutional implications. (But see North Carolina v. Alford (1970),400 U.S. 25 "the standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant)." It is difficult for us to imagine how a defendant can make an intelligent choice among alternative pleas if he is not told of the "effect of those pleas" as required by Crim.R. 11(E). Because the trial court totally failed to comply with Crim.R. 11(E), the first assignment of error must be sustained in that regard.
The appellant's third, fourth, and fifth assignments of error have been rendered moot by our resolution of the appellant's first assignment of error.
The judgment of the trial court is Reversed and Remanded for further proceedings consistent with this opinion.
WOLFF, P.J., and GRADY, J., concur.