OPINION
{¶ 1} Defendant-appellant Kevin Ivy appeals from the conviction and sentence entered in the Youngstown Municipal Court after he pled no contest to violating the city's loud music ordinance. The issue before us concerns whether the court failed to comply with Crim.R. 11(E) or otherwise failed to properly advise appellant prior to accepting his plea. For the following reasons, appellant's plea is vacated, and this case is reversed and remanded for further proceedings.
 STATEMENT OF THE CASE {¶ 2} On July 22, 2001, appellant was cited for a violation of Youngstown City Ordinance 539.07(B), the loud music ordinance. This was appellant's third offense, which thus constituted a third degree misdemeanor. On October 24, 2001, appellant and the city prosecutor entered into a plea agreement. Appellant agreed to plead no contest, and the state agreed to recommend a $600 fine, costs, forfeiture of the stereo, one year of non-reporting probation, and no jail time. When the court heard this, it refused to accept the recommendation and declared that jail time was required because loud music is disturbing and offensive, appellant did not learn the first time, and he got a break with no jail the second time. (Tr. 3-5). The court entered the no contest plea, found appellant guilty, fined him $600 plus costs and forfeiture, sentenced him to the maximum of sixty days in jail but suspended thirty days and ordered him to abide by one year of non-reporting probation. Appellant never spoke a word at the combined plea and sentencing hearing. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 3} Appellant's sole assignment of error provides:
 {¶ 4} "The trial court erred in accepting the Defendant[`s] plea as the Court failed to follow the procedures established in Rule 11(E) of the Ohio Rules of Criminal Procedure and therefore violated the Defendant's Due Process Rights."
 {¶ 5} The case before us involves a petty misdemeanor. See Crim.R. 2(C) and (D). Pursuant to Crim.R. 11(E), a court shall not accept a plea of guilty or no contest in a petty misdemeanor case "without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(B) is entitled, "Effect of guilty or no contest pleas," and states in part that a guilty plea is a complete admission of guilt and that a no contest plea is not an admission of guilt but is an admission of the truth of the facts alleged and it shall not be used against the defendant in any subsequent civil or criminal action. Crim.R. 11(B)(1) and (2).
 {¶ 6} At least nine of the twelve appellate districts have held that in accepting a plea, regardless of whether it be a plea to a felony, a serious misdemeanor, or a petty misdemeanor, the trial court must advise the defendant of more than just a definition of a guilty plea and a no contest plea. See State v. Lacy (Apr. 12, 2002), 2nd Dist. No. 2001-CA-130 (criticizing these nine districts but providing a plethora of example citations to the various districts). These courts note that the three rights from Boykin v. Alabama (1969), 39 U.S. 238 (jury trial, privilege against self-incrimination, and confrontation) and the additional right from State v. Ballard (1981), 66 Ohio St.2d 473
(compulsory process) must be disclosed to any pleading defendant to ensure the plea is voluntary, knowing, and intelligent.
 {¶ 7} In Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, the Sixth District stated that the court must advise all pleading defendants of the constitutional rights being waived. See, also, State v. Geller (Apr. 7, 2000), 6th Dist. No. OT-99-070 (reupholding its view that, even under Crim.R. 11(E), the trial court must inform the defendant of the constitutional rights being waived by a plea). In Cleveland v. Wanzo
(1998), 129 Ohio App.3d 664, the Eighth District held that compliance with Crim.R. 11(E) requires the trial court to advise the defendant of the constitutional rights he is waiving.
 {¶ 8} The Second and Tenth Appellate Districts have disagreed with the other districts. In Lacy, the Second District found that a trial court must advise a petty misdemeanor defendant of the effect of his plea by telling him what each plea means but need not advise the defendant of the constitutional rights he is waiving. The Tenth District believes that the "effect of a plea" requires more than the Second District does, stating that there must be dialogue between the court and the defendant and the court must mention the possible penalties. However, the Tenth District simultaneously stated that it continues to disagree withChiaverini.
 {¶ 9} The Ohio Supreme Court currently has the issue pending before it on the certification of State v. Watkins (Nov. 16, 2001), 2nd Dist. No. 2001-CA-15 with Chiaverini and Wanzo. We note that the case is fully briefed and even includes a trial judge's association's amicus brief. The certified issue is whether a court complies with Crim.R. 11(E) by informing the defendant of the information in Crim.R. 11(B) or whether the court must engage in a colloquy with the defendant that is substantially equivalent to that required by Crim.R. 11(C) as in felony cases.
 {¶ 10} Here, the court never spoke to the defendant at the combined plea and sentencing hearing. In fact, the defendant never orally entered a plea or otherwise spoke. Rather, the court itself purported to place the plea on the record. (Tr. 8). The court mentioned the right to a trial, but did not mention a jury or any other constitutional right. (Tr. 5). The court may have warned that it wanted jail time prior to finding appellant guilty, but there was no mention of the potential penalty except when discussing the penalty that was available, but not imposed, for appellant's second offense. (Tr. 4). Not that the written plea is a sufficient substitute, but even it advised appellant nothing besides the state's recommendation.
 {¶ 11} Finally, the court did not inform the defendant of the basic effect (definition) of the pleas of guilty, no contest, and not guilty. Regardless of the Supreme Court's future decision in Watkins, even under the Second District's minimalistic view of Crim.R. 11(E), the trial court failed to comply with its requirements. Hence, rather than staying this case to await decision by the Supreme Court in Watkins, we shall reverse and remand.
 {¶ 12} On remand, the court should continue to follow the prior case law of this district until the Supreme Court releases Watkins. See, e.g., State v. Lintner (Sept. 21, 2001), 7th Dist. No. 732 (meaningful dialogue); State v. Jackson (May 9, 2001), 7th Dist. No. 99-CO-57 (constitutional rights and maximum penalty to know effect of plea); Statev. Hlinovksy (May 1, 2001), 7th Dist. No. 99BA65 (potential penalty);State v. Payne (Dec. 19, 2000), 7th Dist. No. 00521CA (applying Boykin
and Ballard to misdemeanor pleas). As such, besides advising the defendant of the meaning of the various pleas and asking the defendant to personally place his plea on the record, the trial court should fully advise the defendant of the constitutional rights being waived and the possible penalty in a meaningful dialogue. Otherwise, the court risks reversal again if the Supreme Court decides Watkins in line with the majority of appellate districts.
 {¶ 13} For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded for further proceedings according to law and consistent with this court's opinion.
Waite, J., concurs.
DeGenaro, J., concurs.