OPINION.
{¶ 1} Defendant-appellant, Robert Reda, appeals his conviction for driving under suspension, following a no contest plea, in Struthers Municipal.
 {¶ 2} Appellant was charged with driving under suspension, in violation of R.C. 4507.02(B)(1). Appellant appeared with counsel before the Struthers Municipal Court on April 22, 2002. Appellant pleaded no contest, and was sentenced to 180 days in jail, one year reporting probation, and received a $200 fine. This appeal followed.
 {¶ 3} Initially, it should be noted that appellee has not submitted a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 4} Appellant's sole assignment of error states:
 {¶ 5} "The court erred by not taking the appellant's plea of no contest in accordance with Ohio Criminal Rule 11(D)."
 {¶ 6} Appellant argues that, pursuant to Crim.R. 11(D), the trial court failed to enter into a meaningful dialogue in explaining the appellant's constitutional rights, which the appellant argues that the trial court was required to do. Crim.R. 11(D) states in pertinent part that the court "shall not accept a plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty, and determining that the defendant is making the pleas voluntarily." Crim.R. 11(D). Appellant contends that the "no contest" plea was not knowing, intelligent and voluntary due to this lack of meaningful dialogue between appellant and the trial court. Therefore, appellant argues that his plea must be vacated, and that the case must be remanded for further proceedings.
 {¶ 7} This case raises the issue of what must be contained in the colloquy between a trial court judge and a criminal defendant when taking a plea of guilty or no contest for a misdemeanor traffic offense. The Ohio Supreme Court recently decided the issue in State v. Watkins
(2003), 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635.
 {¶ 8} Prior to Watkins, at least nine of the twelve appellate districts held that in accepting a plea, regardless of whether it be a plea to a felony, a serious misdemeanor, or a petty misdemeanor, the trial court must advise the defendant of more than just a definition of a guilty plea and a no contest plea. Those courts noted that the three rights from Boykin v. Alabama (1969), 39 U.S. 238 (jury trial, privilege against self-incrimination, and confrontation) and the additional right from State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115
(compulsory process) must be disclosed to any pleading defendant to ensure the plea is voluntary, knowing, and intelligent.
 {¶ 9} In Toledo v. Chiaverini (1983), 11 Ohio App.3d 43,463 N.E.2d 56, the Sixth District stated that the court must advise all pleading defendants of the constitutional rights being waived. Specifically, the Chiaverini court held as follows:
 {¶ 10} "The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant." Id. at 44, 463 N.E.2d 56.
 {¶ 11} In Cleveland v. Wanzo (1998), 129 Ohio App.3d 664,718 N.E.2d 982, the Eighth District held that compliance with Crim.R. 11(E) requires the trial court to advise the defendant of the constitutional rights he is waiving. The Second and Tenth Appellate Districts disagreed with the other districts. In State v. Lacy (Apr. 12, 2002), 2nd Dist. No. 2001-CA-130, the Second District found that a trial court must advise a petty misdemeanor defendant of the effect of his plea by telling him what each plea means but need not advise the defendant of the constitutional rights he is waiving. The Tenth District believed that the "effect of a plea" required more than the Second District did, stating that there must be dialogue between the court and the defendant and the court must mention the possible penalties. However, the Tenth District simultaneously stated that it continued to disagree withChiaverini.
 {¶ 12} This court adhered to the approach requiring a more detailed colloquy. See, e.g., State v. Lintner (Sept. 21, 2001), 7th Dist. No. 732 (meaningful dialogue); State v. Jackson (May 9, 2001), 7th Dist. No. 99-CO-57 (constitutional rights and maximum penalty to know effect of plea); State v. Hlinovksy (May 1, 2001), 7th Dist. No. 99BA65 (potential penalty); State v. Payne (Dec. 19, 2000), 7th Dist. No. 00521CA (applying Boykin and Ballard to misdemeanor pleas).
 {¶ 13} The Ohio Supreme Court subsequently certified State v.Watkins (Nov. 16, 2001), 2nd Dist. No. 2001-CA-15, with Chiaverini andWanzo. On May 16, 2003, the court issued its decision in State v.Watkins (2003), 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, significantly abrogating Chiaverini.
 {¶ 14} Initially, the court noted that Crim.R. 11 is inapplicable to traffic cases pursuant to Crim.R. 1(C)(3). Nonetheless, the court went on to explain how there are different requirements for different offenses (i.e., petty or serious misdemeanors and felonies). The court also noted that the requirements for taking a plea for a felony offense applied only to felony offenses.
 {¶ 15} Turning to the more specific issue before it, the court stated that "[t]he protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses." Id. at 17, 2003-Ohio-2419, 788 N.E.2d 635. The court concluded in its holding that "[w]hen a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B)." Id. at syllabus,2003-Ohio-2419, 788 N.E.2d 635.
 {¶ 16} Traf.R. 10 addresses pleas and a defendant's rights when pleading. Traf.R. 10(D) addresses misdemeanor cases involving petty offenses. A "petty offense" is defined in Traf.R. 2 as "an offense for which the penalty prescribed by law includes confinement for six months or less." Appellant was charged with driving under suspension in violation of R.C. 4507.02(B)(1), which is a misdemeanor of the first degree punishable by up to six months in jail. R.C. 4507.99(C). Therefore, appellant's offense was a petty offense. Traf.R. 10(D) reads:
 {¶ 17} "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 18} The effect of a no contest plea is defined in Traf.R. 10(B)(2):
 {¶ 19} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 20} In this case, there was no colloquy between the trial court and appellant. Rather, the court simply asked appellant's attorney what appellant's plea was going to be and appellant's attorney responded with a no contest plea. There was absolutely no mention of the substance contained in Traf.R. 10(B)(2).
 {¶ 21} Accordingly, appellant's sole assignment of error has merit.
 {¶ 22} Appellant's plea of no contest is hereby vacated and the matter remanded to the trial court for further proceedings according to law and consistent with this court's opinion.
Waite, P.J., and Vukovich, J., concur.